WILLIAMS *v.* THE STATE.

No. 16460. FEBRUARY 17, 1949.

*Frank A. Bowers* and *H. C. Morgan,* for plaintiff in error.

*Eugene Cook, Attorney-General, Paul Webb, Solicitor-General, Charles O. Murphy, William Hall, E. L. Reagan* and *W. V. Rice, Assistant Attorneys-General,* contra.

HAWKINS, Justice. (After stating the foregoing facts.) It is contended by counsel that the conviction of the defendant rested solely upon circumstantial evidence, and that the evidence adduced on the trial does not exclude the possibility of some one other than the defendant having attacked and killed the deceased, after the difficulty with the defendant and after he entered the cab of the witness McDaniel, and while being carried to the hospital. The conviction of the defendant is not dependent wholly upon circumstantial evidence, although as to some features of the case circumstantial evidence must be relied upon. There is direct evidence by the witness McDaniel that the defendant did assault the deceased; that he was on top of him, beating, striking him, and that immediately after the attack ceased, upon the appeal by the witness to the defendant, the deceased was cut and bleeding; and the testimony of Fair was to the effect that the deceased came to his death as the result of internal hemorrhage produced by stab wounds, which he described, there being seventeen such wounds in all upon the body of the deceased. It is reasonably inferable from the testimony of the witness McDaniel that the deceased died while in his taxicab, and on the way to the hospital following the attack by the defendant, for the deceased had stated in reply to a question by the witness as to whether he was hurt, "I can't

hardly catch my breath"; and this witness further testified that, as he speeded up, the deceased "began to fall like that, and I asked him again, was he hurt, and he never did say anything else from that to the hospital."

As pointed out by this court in *Dunson* v. *State*, 202 *Ga.* 515, 521 (43 S. E. 2d, 504), it is not necessary, in order to sustain a verdict of conviction, that the evidence exclude every possibility or every inference that may be drawn from the proved facts, but only necessary to exclude reasonable inferences and reasonable hypotheses. We are not unmindful of that line of authorities cited by the defendant, such as *Bell* v. *State*, 93 *Ga.* 557 (19 S. E. 244), and *Williams* v. *State*, 113 *Ga.* 721 (39 S. E. 487), and many others, which hold that, where the circumstantial evidence relied upon raises only a suspicion of guilt, it is not sufficient, but those cases are not applicable here. In the *Bell* case the defendant was charged with arson, and there was no direct evidence that he was about the premises at the time the fire originated, while in the instant case there is direct evidence that the defendant assaulted and beat the deceased, and that immediately following the assault the deceased was cut and bleeding. In the *Williams* case there was no direct evidence of any assault made by the defendant upon the deceased. The other cases cited might also be distinguished, but we do not deem it necessary to deal with each of them, for the reason that in the instant case there is direct evidence of an assault by the defendant on the deceased; of the deceased being cut and bleeding immediately following this assault, and that he died as a result of internal hemorrhage produced by the stab wounds found on his body; and to accept the hypothesis or draw the inference that the deceased might possibly have been assaulted, wounded, and killed by some one else after the assault by the defendant, and while being carried in the cab to the hospital would, in effect, be requiring the State to show that it was impossible for the offense to have been committed by anybody other than the defendant, and to exclude the bare possibility that it might have been done by some one else. No such burden rests upon the State, but it is only required that, where circumstantial evidence alone is relied upon, it exclude every other "reasonable" hypothesis save that of the guilt of the accused.

*Wrisper* v. *State*, 193 *Ga.* 157, 164 (17 S. E. 2d, 714). There was sufficient evidence to authorize the verdict, and the general grounds of the motion for a new trial were properly overruled.

■ In the first ground of the amended motion for a new trial error is assigned because the court permitted the State's witness McDaniel, a taxi driver, to testify: "At the time they were on the porch, Steed was saying, 'Oh, Lord,'" this witness having testified immediately prior thereto as follows: "After he ran up the street, Steed ran up on a porch, and this boy ran up on the porch behind him. I started driving behind them, and before I got to them Steed had done run out in the street off the porch." Counsel for the defendant made the following objection: "Your Honor, we want to object to that. We don't know exactly whether this defendant was present or not at the time this statement was made." This ground of the motion further recites that after this objection, the following occurred: "By the Court: Q. 'Where was A. C. Williams at the time you say Steed was hollering?' A. 'Right behind him.' The Court: 'I overrule the objection.'" To state the objection made by counsel, and what occurred following the objection, is to answer this assignment of error. The objection urged was that it was not disclosed that the statement of the deceased was in the presence of the defendant. The question propounded by the court and the answer of the witness thereto show conclusively that it was in the presence of the defendant. The overruling of this objection under these circumstances shows no error.

■ The assignment of error in the second special ground is as follows: "Because the court erred on direct examination of State witness, Alex McDaniel, in permitting the solicitor to ask and witness to answer, over timely objection of movant's counsel, as follows: Q. 'Did you ever hear anything said with reference to a negro girl?' A. 'Yes, sir.' Q. 'Tell what that was?' Mr. Morgan: 'Your Honor, we object unless it was in the presence of the defendant; and we further object on the ground that he testified that the man broke and ran, and he would not necessarily be in the presence of defendant.' The witness had just testified: 'There wasn't anything said between A. C. Williams, and Steed immediately before Steed broke and ran be-

fore this defendant followed him.' Movant's counsel objected, and the court ruled, 'I overrule the objection.'" While in an-- swer to the question, "Did you ever hear anything said with reference to a negro girl?" the witness answered, "Yes, sir," the objection was to the question which followed; "Tell what that was." This ground of the motion does not disclose what the answer of the witness was to the question objected to, but so far as appears this line of questioning was abandoned following the objection by counsel. What, if anything, was said, by whom it was said, where and when it was said, does not appear. This ground, therefore, shows no error. *Turner* v. *Duncan*, 152 *Ga.* 54 (1) (108 S. E. 532).

■ In the third ground of the amended motion error is assigned as follows: "Because on redirect examination of Alex McDaniel, the court erred in permitting the solicitor, over timely objection of movant's counsel and motion for mistrial and to reprimand the solicitor, to ask the witness the following questions: Q. 'Now, Alex, at the time you put Jeriah Steed in the taxicab, what was said in reference to Jeriah Steed being cut? What did he say about being cut?' Mr. Morgan: 'Your honor, the solicitor has asked the question in regard to a man being cut, and there is no evidence that anybody was cut at this time. I make a motion for a mistrial, and move the court to reprimand the solicitor.' The Court: 'I overrule the motion and decline to reprimand the solicitor. However, there is no evidence at this time to show how long the statements were made after any alleged difficulty.'" The objection urged was not well taken. Prior to the question here propounded, this same witness had testified on direct examination: "I told A. C. Williams, the defendant, to stop beating him, and he got up and went around the corner. When Steed got up, he was cut and I saw the blood running down the back. I took him to the hospital." The court did not err in failing to declare a mistrial or in failing to reprimand the solicitor-general, for the basis upon which the mistrial and reprimand were requested was that "there is no evidence that anybody was cut at this time." Evidence having already been admitted from this same witness on direct examination that the deceased, Jeriah Steed, was cut and

bleeding at the time he entered the taxicab, this ground of the motion is without merit.

■ The fourth ground of the amended motion assigns error upon the following excerpt from the charge of the court: "Gentlemen, if from a consideration of the evidence submitted to you and from a consideration of the defendant's statement, giving it such weight and credit as you think it is entitled to receive, and applying thereto the law as given you in charge by the court, you believe beyond a reasonable doubt that the defendant, A. C. Williams, in the County of Fulton, at any time before this bill of indictment was returned into this court by the grand jurors named therein, killed the person named in the indictment by cutting, stabbing, and wounding him with some sharp instrument to the grand jurors unknown, that at the time of the killing the defendant was in no danger from the person killed, that the person killed was not committing or attempting to commit a serious personal injury on the defendant, and that the circumstances surrounding the killing were not such as to justify the belief that the deceased intended, endeavored, or was about to commit a serious personal injury on the person of the defendant, but that the killing was intentional, unlawful, with malice aforethought, either express or implied, and without justification or mitigation, as charged, then and in that event the jury would be authorized to find the defendant guilty of the crime of murder." It is insisted that this charge was incorrect as applied to the facts shown by the evidence, and was harmful and prejudicial to the movant, tended to confuse and mislead the jury, and injected into this case an issue not authorized by the evidence, and was inapplicable and placed a burden on movant not authorized by the law or by the facts, in that there was no contention by the movant that at the time of the homicide the movant was in danger from the deceased nor that the deceased was committing or attempting to commit any serious personal injury on the defendant, nor that the circumstances surrounding the death of the deceased were such as to justify the belief that the deceased intended, endeavored, or was about to commit a serious personal injury on the defendant's person.

It is true that in this case the defendant did not rely upon the defense of justifiable homicide, but contended that he was elsewhere and not present at the time any assault was made upon the deceased, if one was made; and that he made no assault upon the deceased, had nothing to do with bringing about his death, and did not even know about it until informed by the officers at the time of his arrest.

It is insisted, not that the charge did not embody a correct statement of the principles of law dealt with, but that it was not applicable to the present case. The charge here complained of is not erroneous for any reason assigned. It does not place a burden on the defendant not authorized by the law or the facts, but gave him the benefit of the defense of justifiable homicide although it was not insisted upon. This court has held a number of times that it is not error for the court to charge the law of justifiable homicide in the trial of a person for murder, where he defends upon the grounds that he was not the person who committed the crime and was not present at the time of its commission; and we so hold in this case, no injury to the accused being shown as a result thereof. *Williams* v. *State*, 199 *Ga.* 504 (9) (34 S. E. 2d, 854); *Ward* v. *State*, 184 *Ga.* 566 (2) (191 S. E. 916); *Geer* v. *State*, 184 *Ga.* 805 (193 S. E. 776); *Walton* v. *State*, 190 *Ga.* 746 (4) (10 S. E. 2d, 755); *Claybourn* v. *State*, 190 *Ga.* 861, 870 (11 S. E. 2d, 23).

*Judgment affirmed. All the Justices concur.*