### 24212. MARSH v. THE STATE.

Duckworth, Chief Justice. 1. Where, as here, a pistol was used in evidence against the accused and he sought to suppress it as seized in an alleged illegal search of the home of a relative, the evidence offered to support his contention was

insufficient as it fails to show an unreasonable search or seizure, the daughter of the relative having advised the sheriff that she knew where the gun was and offered to go and get it for him, whereupon he went into the house with the daughter and took possession of the gun offered to him. 47 AmJur 548, § 72; Woodard v. United States, 254 F2d 312. Further, the immunity from unreasonable search and seizure is a privilege personal to those whose rights have been infringed, and the accused here is not such a person, if the home of the brother be considered searched unreasonably in this situation. Goldstein v. United States, 316 U. S. 114 (62 SC 1000, 86 LE 1312); Hall v. United States, 150 F2d 281; *Roach v. State,* 221 Ga. 783 (8), 787 (147 SE2d 299).

2. The evidence shows: (1) bad feeling between the deceased and the accused over a pistol and about which the accused had threatened to kill him; (2) the presence of the accused with a .25 caliber pistol at the home of the deceased on the day of the killing; and (3) a spent .25 caliber hull found at the scene of the crime as well as a bullet which had been fired by the .25 caliber automatic pistol later found at the home of a relative of the accused. This circumstantial evidence together with the death of the deceased by violent means from a small caliber bullet was sufficient to support the conviction and likewise to exclude every reasonable hypothesis except the guilt of the accused although not every possibility of his innocence. *John v. State,* 33 Ga. 257, 268; *Williams v. State,* 204 Ga. 837, 842 (51 SE2d 825); *Eason v. State,* 217 Ga. 831 (125 SE2d 488). In addition there were numerous other facts and circumstances connecting the accused with the killing. The evidence was sufficient to support the conviction of murder, and none of the enumerated errors is meritorious.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 11, 1967—DECIDED SEPTEMBER 21, 1967.

*W. E. Rountree, William B. Clark,* for appellant.

*Dan Lanier, Solicitor General, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Mathew Robins,* for appellee.