44247. McBRIDE v. THE STATE.

ARGUED FEBRUARY 5, 1969—DECIDED MARCH 18, 1969.

*Alaimo & Taylor, Anthony A. Alaimo,* for appellant.
*Glenn Thomas, Jr., District Attorney,* for appellee.

JORDAN, Presiding Judge. 1. The contention that the trial court committed harmful error in striking the accused's written answer to the indictment is without merit. There is no authority in this State for such a pleading in a criminal case, and although demurrers and special pleas are required to be in writing, the general issue of guilt or innocence is made by the arraignment and plea of not guilty, thus entitling the accused to any defense within the scope of the general issue. See *Code* §§ 27-1405, 27-1501.

2. Special ground 2 of the amended motion for new trial and the appellant's original brief make the contention that the trial court, having refused to grant a mistrial on account of character

testimony adduced by the State without the accused's character being in issue, thereafter took no corrective action whatever. The transcript filed with the record fails to support this contention.

A neighbor of the accused testified on behalf of the State that the accused "called me and, of course, I won't go into much details, but she called me a G-d liar, and she said that she wanted to whip me, but she said she didn't want to whip me in her house or in the yard, but she wanted to whip me on the streets of Baxley." Counsel for the accused immediately moved for a mistrial on the ground that the State had put the accused's character in issue, and the court overruled the motion but on the following morning the court did instruct the jury: "As regards the testimony concerning a conversation between Mrs. McBride and Mrs. Gertrude Bailey that was given yesterday afternoon, you are to disregard it and remove it from your minds. There's a reason for this; it's under the law. You are to disregard it completely and remove it from your minds just as if you had never heard it. That cannot be considered. I think you know what I'm talking about. Under the law it cannot be considered." He then asked counsel for the defense, "Anything further before we proceed, Mr. Alaimo?" to which counsel replied, "No, Your Honor." Nothing appears to disclose any further action by counsel for the accused.

The situation here shown is analagous to that covered by the provisions of *Code* § 81-1009 as to which the Supreme Court has said: "After [the] instruction to the jury it is not shown that the motion for mistrial was renewed, or that any further instruction by the trial judge was requested. If counsel was not satisfied with the instruction given by the court, he should have renewed his motion for a mistrial, and not having done so, the assignment of error is without merit. *Ehrlich v. Mills,* 203 Ga. 600 (4) (48 SE2d 107)." *Kendrick v. Kendrick,* 218 Ga. 460, 462 (128 SE2d 496). Even if we assume in the present case that the evidence as originally admitted is prejudicial, the trial judge did take appropriate action to correct his error, and we do not regard the situation as one which demanded the declaration of a mistrial.

420

3. It is contended in respect to special ground 1 and the general grounds of the motion for new trial that the accused is identified as the perpetrator of the offense only by hearsay evidence which the trial court erroneously admitted as part of the res gestae.

According to the victim, the husband of the accused, he came to the accused's house at her invitation late at night to discuss the terms of a property settlement in connection with her pending action against him for a divorce, and while in the process of entering the house in accordance with her specific instructions, a firearm was discharged from the house, and he was wounded. He went immediately to a neighbor's house and called for help. The neighbor had heard shots and heard him calling for help and then the remark, "Betty has shot me."

The leading case of *Travelers Ins. Co. v. Sheppard*, 85 Ga. 751 (12 SE 18) is described in Green's Georgia Law of Evidence, p. 589, § 291, as follows: "The plaintiff sought to show that her husband had perished on a hunting trip. Four men had gone on the hunting trip. While two of them were walking in the woods and Sheppard was in a boat on a stream near by, a shot was heard. Boykin, who had been standing on the shore, came running to the other two and exclaimed, 'Sheppard has shot himself and fallen into the river.' His body was never recovered. Boykin was dead at the time of trial. Boykin's declarations were held admissible as a part of the res gestae of the fatal accident." In respect to a trial under an indictment for assault with intent to murder, the Supreme Court stated, "The declaration of the person wounded in such a case, to the effect that he was shot, made immediately after the firing of the pistol, is admissible in evidence as part of the res gestae." *Gaines v. State,* 108 Ga. 772 (3) (33 SE 632). Green further notes in his treatise (p. 591, § 293) that an opinion or conclusion is admissible, if "spontaneous or reflexive rather that a reasoned one arrived at deliberately after thoughtful consideration."

We think the statement of the victim was a part of the res gestae in this case, but viewing the evidence as a whole, even if the victim's statement were inadmissible, the statement is merely cumulative of a totality of circumstances which would authorize

the jury to find the accused guilty of shooting at another. The accused was in the house with her two children, and a firearm was discharged from the house four times in the direction of the victim, as shown by the physical evidence of the discharge in the vicinity of where the victim had expected to meet the accused, a rendezvous, according to him, at her express invitation. The bullet removed from the body of the victim is shown to have come from the firearm which the investigators took from the accused when they arrived at the scene pursuant to her request. All of these circumstances point to the accused as the user of the weapon, to the exclusion of her two children, the only other known occupants of the house.

4. No error of law appears for any reason argued and insisted upon, and the trial judge did not err in overruling the amended motion for a new trial.

*Judgment affirmed. Hall and Whitman, JJ., concur.*