47052.  MOODY v. THE STATE

SUBMITTED APRIL 5, 1972—DECIDED APRIL 19, 1972.

*Kearns & Bryan, Thomas R. Bryan, Jr.,* for appellant.
*E. Mullins Whisnant, District Attorney,* for appellee.

DEEN, Judge. The only enumeration of error argued by the defendant contends that the verdict, which is based on circumstantial evidence, is unsupported by a quantum of evidence sufficient to exclude every other reasonable hypothesis, and that, in view of *Watson v. State,* 93 Ga. App.

368 (91 SE2d 832) and similar cases holding that "where immediate and exclusive possession of an automobile, locker room, or other premises is shown, the inference is authorized that the owner of such property is the owner of what is contained therein," it must be held either that the marijuana belonged to the owner, Satterfield, or that it is impossible to tell whether it belonged to Satterfield or Moody, for which reason Moody's motion for a directed verdict of acquittal should have been granted.

Theoretically, of course, the marijuana could have belonged to either, neither, or both the occupants of the automobile. *Brown v. State,* 125 Ga. App. 300 (1) (187 SE2d 301). No evidence suggests any explanation whereby it could have been placed in the car without either Satterfield or Moody knowing of its presence. All of the evidence, however, including evidence that one of the bags was visible to a person entering the truck, suggests that the ownership was joint, taking into account the number of times the men had come and gone in the truck on the day in question. The inference of possession from ownership of the vehicle does not attach exclusively to Satterfield in view of Moody's continued presence with him. The amount of marijuana involved, its location loose on the floorboard, and the rendezvous with the other vehicle following the telephone call and itself immediately preceding the departure of the vehicle, strongly suggests, although it does not unequivocally establish, that the contraband had just changed hands, and this of course was the theory acted upon by the police who immediately stopped the car, after a surveillance of many hours. Our only question is whether the bare possibility that Satterfield could have come into possession of the drug and placed it under Moody's seat without Moody's knowledge is sufficient reason for reversing the jury verdict. "The rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence exclude every reasonable hypothesis except the guilt of the accused, not that it removes every possibility of his innocence. *John v. State,* 33 Ga. 257, 268; *Farrar v. State,* 110 Ga. 256 (34 SE 288);

*Williams v. State,* 204 Ga. 837, 842 (51 SE2d 825); *Graves v. State,* 71 Ga. App. 96, 99 (30 SE2d 212)." *Eason v. State,* 217 Ga. 831, 840 (125 SE2d 488). Under the particular circumstances of this case the trial court properly refused to direct a verdict of acquittal.

The state having offered evidence that the defendant's companion had a pistol and the defendant's attorney having objected and moved for a mistrial, the trial court sustained the objection that "I can't see how this other person that was driving the truck being armed has anything to do with this trial," and cautioned the jury to ignore any reference to such testimony. If the appellant was not satisfied with the instructions given by the court he should have renewed his motion. This enumeration of error is without merit. *McBride v. State,* 119 Ga. App. 418 (167 SE2d 374).

*Judgment affirmed. Eberhardt, P. J., and Clark, J., concur.*