## 47410.   BETHEA v. THE STATE.

EBERHARDT, Presiding Judge. The Chief of Police noticed a "hippie-type" man, white, with long hair and ill-clad, driving an old Volkswagen on the street about 3:30 p.m. in a section of town occupied predominately by black people, and shortly afterward received a radio communication that a man of the same general description had been seen in that area with a plastic bag, which he had taken to a place in the rear of some buildings and apparently covered with leaves and straw, had then returned and retrieved the bag, gotten into an old Volkswagen and left. (There was no mention of what the contents of the plastic bag might be).

The Chief stopped the suspect, detected some odor of alcohol on his breath and, without obtaining any warrant, proceeded to search the car. A plastic bag containing illegal drugs was found under the rear seat. The man was carried to the police station for the purpose of giving him an intoximeter test, but no charge relative to intoxication or driving under the influence of intoxicants was made against him. He was indicted for the possession of illegal drugs, and prior to arraignment and trial he moved to suppress the evidence obtained in the search of his car. The motion was denied and, obtaining a certificate, he appeals the order. *Held:*

We reverse. It does not appear that at the time of the defendant's arrest the police had probable cause for an arrest, and since it was without a warrant, the arrest was unlawful.

The arrest, being unlawful itself, afforded no basis for making the search. *Johnson v. State,* 111 Ga. App. 298, 309 (141 SE2d 574); United States v. Rabinowitz, 339 U. S. 56 (70 SC 430, 94 LE 653). And see United States v. Di Re, 332 U. S. 581 (68 SC 222, 92 LE 210); Beck v. Ohio, 379 U. S. 89 (85 SC 223, 13 LE2d 142).

If the bag of drugs had been lying in plain view of the officer when the car was stopped it would have afforded probable cause and have obviated the necessity of obtaining a search warrant. *Anderson v. State,* 123 Ga. App. 57 (179 SE2d 286); *Moody v. State,* 126 Ga. App. 108 (189 SE2d 889).

If the arrest of the defendant had been a lawful one, a search of him and of his automobile as an incident thereto would appear to have been a reasonable one. *Clements v. State,* 226 Ga. 66 (2) (172 SE2d 600); Draper v. United States, 358 U. S. 307 (79 SC 329, 3 LE2d 327).

A policeman making a reasonable investigatory stop may conduct a limited *protective* search for concealed weapons when he has reason to believe that the suspect is armed and dangerous, and if, during the search contraband is turned up, it may be used as evidence in a prosecution for its possession. Adams v. Williams, 407 U. S. 143 (92 SC 1921, 32 LE2d 612). But the Chief of Police here had no information indicating that the defendant was armed or dangerous, nor was he looking for arms in making the search, and none was found. This was not a protective search; it was an exploratory search.

This is not to hold that there are not situations in which an officer may search an automobile prior to any lawful arrest and without a search warrant in looking for contraband itself. For example, see *Craft v. State,* 124 Ga. App. 57 (3) (183 SE2d 371); *Johnson v. State,* 126 Ga. App. 93 (1) (189 SE2d 900); *Anderson v. State,* 123 Ga. App. 57,

supra; *Moody v. State,* 126 Ga. App. 108, supra, and compare *Register v. State,* 124 Ga. App. 136 (183 SE2d 68). But the facts here are not sufficient to bring the situation within the rule of those cases. The officer who stopped the car and searched it could not, under the information in hand, have had more than a bare suspicion that contraband might be in it.

Denial of the motion to suppress was error.

> *Judgment reversed. Deen and Clark, JJ., concur.*

Submitted September 14, 1972—Decided September 22, 1972.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Hoke Smith, Glyndon C. Pruitt,* for appellant.

*Wm. Bryant Huff, District Attorney, Gary L. Davis,* for appellee.