## 51566. BROWN v. THE STATE.

EVANS, Judge.

Defendant was indicted for murder and convicted of manslaughter. A sentence of 20 years was imposed. Motion for new trial was filed and denied. Defendant appeals. *Held:*

1. Defense counsel contends that nowhere in the transcript was it shown that the defendant shot the deceased. On the contrary, at least two witnesses testified that they saw the defendant shoot the deceased. Eyewitness testimony is direct evidence and is not circumstantial evidence of guilt. *Andrews v. State,* 232 Ga. 423 (2) (207 SE2d 61) (1974); *Ward v. State,* 233 Ga. 251, 252 (210 SE2d 772) (1974). There was evidence sufficient to support the jury in convicting the defendant of manslaughter. The verdict was not contrary to the evidence and without evidence to support it.

2. Defendant contends that the court erred in failing to instruct the jury on the law of circumstantial evidence; that there was only an incriminating statement by the defendant and not a confession, and that the prosecution relied wholly on circumstantial evidence and written incriminating statements to connect the defendant with the crime. While the better practice here would have been to charge on direct and circumstantial evidence (Code § 38-102), it was not necessary without request since the direct testimony was sufficient to warrant conviction, and a conviction did not result from the circumstantial evidence alone as in Code Ann. § 38-109. *Sheffield v. State,* 124 Ga. App. 295, 297 (9) (183 SE2d 525); *Reddick v. State,* 11 Ga. App. 150 (3) (74 SE 901). Defendant has failed to show that there was harmful error in failing to charge the law of circumstantial evidence.

3. Defendant signed a written incriminating statement as to the shooting and killing of the deceased and also a written waiver of his constitutional rights. The statement was signed at 10:00 a.m. and the waiver at 10:40 a.m. on February 6, 1971. Defendant contends that as the statement was signed before the waiver, this was in direct contravention of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694). The evidence shows that the defendant was warned of her constitutional rights under Miranda before she ever made any statement. She thereafter signed this written waiver knowing well that she had been properly warned of her right to remain silent before she ever made any written incriminating statement in this case. There is no reversible error, simply because the written waiver was actually signed 40 minutes after she signed the written incriminating statement.

4. The defendant was allowed to make an unsworn statement. She stated that she had not intended to kill; that there was shooting outside of her house; that she fired some shots out the door and that she did not fire to hit anybody. Her written statement to the same effect was also admitted in evidence by the state. It has long been the law that if there is any evidence, however slight, as to whether the offense is murder or voluntary manslaughter, instruction as to the law on both offenses should be given. *Banks v. State*, 227 Ga. 578, 580 (182 SE2d 106). But this has been changed by the Supreme Court of Georgia in its recent decision in *State v. Stonaker*, 236 Ga. 1.

5. An admission by the defendant in his statement may be treated as evidence. *Hargroves v. State*, 179 Ga. 722 (4) (177 SE 561). The statement by the defendant could be believed in part and disbelieved in part. Therefore, under the evidence and statement here, the jury could have returned a verdict of guilty of murder, voluntary manslaughter or involuntary manslaughter, or, of not guilty. The court did not err in giving in the charge the definition of these various felonies.

6. In this connection we point out that in the recent decision of the Supreme Court in *State v. Stonaker*, 236 Ga. 1 reversing the decision and judgment in *Stonaker v.*

*State,* 134 Ga. App. 123 (213 SE2d 506), that court set down vast and far-reaching new rules as to when the trial judge is requested to charge and on what; that is: It is not necessary to charge on the lesser included crime in the indictment or accusation without a written request by either the state or the accused.

In so doing, the Supreme Court specifically overruled its own recent case of *Kerbo v. State,* 230 Ga. 241 (196 SE2d 424) and used the following language: ". . . [S]imilar rulings in other cases by this court and the Court of Appeals are overruled." What a broad statement! It has long been the established law of Georgia that if there is any evidence, however slight, as to a lesser offense, the same should be given in charge to the jury. And now with one stroke of the pen the Supreme Court overruled hundreds, perhaps thousands, of well-established cases setting forth this principle of law.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

Submitted January 5, 1976 — Decided January 22, 1976.

*Archie L. Gleason,* for appellant.
*Richard E. Allen, District Attorney, J. Bacheller Flythe, Assistant District Attorney,* for appellee.