## 53568. CAUSEY v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for theft of a farm tractor and possession of a firearm during the commission of a crime. *Held:*

1. Did the trial court err in denying defendant's motion for new trial on the grounds that the verdict was contrary to the law, the evidence, the weight of the evidence and contrary to principles of equity and justice? We find that it did not. The defendant and others, were observed by the owner of a farm tractor, during the commission of its theft and were ordered to stop. Defendant fled in a "U-Haul-It" truck. He was pursued by the owner of the tractor until he was stopped by the police. A .38 caliber revolver was in plain view on the seat where the driver had been sitting. The evidence fully supports the verdict of guilty.

2. Defendant alleges the court erred in not directing a verdict of acquittal as to the count alleging possession of the weapon as there was no evidence he possessed the gun during the commission of a crime. Defendant was first seen riding the stolen tractor. He then ran to the "U-Haul-It" truck and fled. When stopped by police, the weapon was on the seat beside the place where the driver had been sitting, and his name was on the rental contract for the truck. Whether or not in a given case

circumstances are sufficient to exclude every reasonable hypothesis save the guilt of an accused is a question for determination by a jury. *Harris v. State,* 236 Ga. 242, 244 (223 SE2d 643). And, where the jury is authorized to find the evidence — though circumstantial in part — was sufficient to exclude every reasonable hypothesis save that of guilt, an appellate court will not disturb that finding unless the verdict of guilty is unsupportable as a matter of law. *Staymate v. State,* 237 Ga. 661 (1) (229 SE2d 421). The evidence supports the verdict. This enumeration is without merit.

3. In the absence of a request, it was not error to fail to charge on circumstantial evidence as the conviction did not rest upon circumstantial evidence alone. *Brown v. State,* 137 Ga. App. 331 (2) (223 SE2d 753).

*Judgment affirmed. Smith and Shulman, JJ., concur.*

SUBMITTED MARCH 7, 1977 — DECIDED APRIL 6, 1977.

*Charles D. Flinn, Jr.,* for appellant.
*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney,* for appellee.