## 56161. SOWERS v. THE STATE.

DEEN, Presiding Judge.

The defendant was convicted of drug possession under the following circumstances: He was a passenger in the car of a friend who was driving him home. The youths parked in an empty supermarket at about 3 a.m. They did not get out of the car. As they started to leave they were flagged down by a cruise car. The police officer approached the driver and demanded identification. He

then noticed that the defendant put a hand in his pants and opened the car door. The officer, who was armed, commanded him to get out, patted him down, and ordered him to remove and hand over an object which he felt as a "small bulge" and which proved to be a bottle containing amphetamines. Asked why he was concerned about what he felt in the defendant's pants, the witness replied: "Well, he could have stuck a weapon down in his trousers. Q. Where you concerned that that might be a weapon? A. Yes, sir. Q. And I believe you testified that you felt of the area where you had seen him stuffing something? A. Yes, sir. Q. Was the object that you felt soft or what was its feeling to you? A. No, sir; it didn't feel like a weapon. It wasn't soft either. It was a small object. Q. When you said that it didn't feel like a weapon . . .? A. It wasn't large enough to be a weapon." After the pill bottle was handed over he opened it, found a small plastic bag with a white powder inside, and placed the defendant under arrest.

" 'Unlike a full search, a frisk is conducted solely for the purpose of insuring the safety of the officer or of others nearby, not to procure evidence for use at a subsequent trial.' *Jones v. State,* 126 Ga. App. 841, 844 (192 SE2d 171)." *Brown v. State,* 133 Ga. App. 500, 501 (211 SE2d 438) (1974).

An investigatory stop may be justified under circumstances giving rise to "articulable suspicion" that the purpose of the defendant's presence may be nefarious. *Anderson v. State,* 123 Ga. App. 57 (2) (179 SE2d 286) (1970). Mere curiosity or caprice will not do so. *Brooks v. State,* 129 Ga. App. 109 (198 SE2d 892) (1973). The state may also utilize reasonable road checks of drivers and vehicles to determine fitness but "checks contemplated by this statute (Code § 92A-9906) should not be used as a subterfuge to detain citizens for the purpose of searching their automobiles when they are under no founded suspicion." *Brisbane v. State,* 233 Ga. 339, 343 (211 SE 2d 294) (1974). Nor, it should be added, should the citizen's person be made the object of such a search. It is clear that at this point the bottle was handed to the officer by the defendant upon demand and was not a voluntary gesture. See *Radowick v. State,* 145 Ga. App. 231, 236 (3) (244 SE2d 346) (1978).

We are not concerned with whether the officer identified the powder within the plastic bag within the bottle before or after he opened the bottle. The patdown was explained on the basis that the defendant might have placed a weapon in his pants, but the testimony clearly shows that the officer was satisfied by the patdown that there was no weapon. As specifically pointed out in Terry v. Ohio, 392 U. S. 1, 29 (88 SC 1868, 20 LE2d 889) the sole justification for such an intrusion is the protection of the officer "and it must therefore be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." It is pure sophistry to argue, as the state does here, that the officer has a right to compel the production of contraband on the basis that it might be a weapon and, after it was produced, argue that it was in plain view and therefore constituted justification for the arrest. This would indeed be the fruit of the poisoned tree. The search was obviously not protective but exploratory. *Bethea v. State,* 127 Ga. App. 97, 98 (192 SE2d 554) (1972); *L. B. B. v. State of Ga.* 129 Ga. App. 163 (198 SE2d 895) (1973).

It follows from the above that the arrest was illegal and placing the defendant in handcuffs in the police car was equally so. Under these circumstances the small amount of marijuana which was later discovered in the back seat of the car and with possession of which the defendant was also charged should also have been suppressed on motion.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED JUNE 29, 1978 — DECIDED JULY 13, 1978.

*Land, Cavalli & Atkinson, Tyrus R. Atkinson, Jr.,* for appellant.

*Robert E. Keller, District Attorney, Harold G. Benefield, Assistant District Attorney,* for appellee.