### 65004. HARRIS v. THE STATE.

POPE, Judge.

Defendant Jerome Harris was indicted along with Troy Tuck and Ronnie Swafford for the crime of burglary. Both Tuck and Swafford pleaded guilty and defendant Harris was tried and convicted. The evidence against defendant consisted primarily of Tuck's testimony, implicating him as one of the burglars. Defendant's sole contention on this appeal, framed in various ways in six enumerations of error, is that the state failed to corroborate this testimony.

A person cannot be convicted of a felony solely upon the uncorroborated testimony of an accomplice. Code Ann. § 38-121 (now OCGA § 24-4-8); *Shumake v. State,* 159 Ga. App. 141 (1) (282 SE2d 756) (1981). However, as a matter of law, the corroborating evidence need only be slight to be sufficient. Id. It may be circumstantial.

*Gunter v. State,* 243 Ga. 651 (2) (256 SE2d 341) (1979). It must be independent of the accomplice's testimony and probative of guilt. Id. at 654-5; *Shumake v. State,* supra at 141-2. To be probative of guilt, the evidence must tend to prove the identity and participation of the accused. *Shumake v. State,* supra at 142.

Other than the accomplice testimony, the evidence against defendant was indeed slight. One witness saw three men and a white pickup truck with a camper top at the scene of the crime. Defendant fit the very general description of one of the men. No fingerprints were taken at the scene.

Defendant was an acquaintance of both Tuck and Swafford. He was living at the home of Swafford's brother. Approximately three weeks after the burglary defendant was seen in a blue pickup truck with a camper top driven by Swafford's brother. A witness at trial testified that the truck had recently been painted and it had been white.

Swafford, called as a witness for the defense, testified that defendant did not participate in the burglary. Swafford claimed that only he and Tuck committed the crime. Defendant testified in his own defense, maintained he did not participate in the crime, and asserted that Tuck was lying.

We find that the conflicting evidence at this trial is illustrative of why the sufficiency of corroborating evidence should be "peculiarly a matter for the jury to determine." *Shumake v. State,* supra at 141, quoting *Davis v. State,* 154 Ga. App. 803, 804 (269 SE2d 874) (1980), which, in turn, quoted *Hargrove v. State,* 125 Ga. 270, 275 (54 SE 164) (1906). We hold that the corroborating evidence, albeit slight, tended to prove defendant's identity and participation in the crime and therefore was sufficient as a matter of law. We further hold that the evidence was sufficient to enable any rational trier of fact to find defendant guilty of burglary beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 4, 1983 —
REHEARING DENIED JANUARY 25, 1983.

*C. Andrew Fuller,* for appellant.

*Jeff C. Wayne, District Attorney, Bruce L. Udolf, Christopher J. Walker III, Assistant District Attorneys,* for appellee.