## A93A0321. CLANTON v. THE STATE.
### (431 SE2d 453)

SMITH, Judge.

Gregory Scott Clanton was convicted of six counts of burglary. He appeals from the denial of his amended motion for new trial.

1. Appellant attacks the sufficiency of the evidence. Specifically, he contends that the State did not present corroborating evidence for the testimony of an accomplice and that the State based its case wholly on circumstantial evidence but did not exclude a reasonable hypothesis of the case consistent with innocence.

At trial, managers from six businesses located in a Gwinnett County office park testified that on the morning of June 16, 1991, they found evidence of forced entry into their business premises. Several of the witnesses discovered pry marks on the exterior doors. Each witness listed the items missing from his premises, including a compact disk player and disks, a Trust Company Bank money bag, and cash. A few days later, appellant's wife was arrested after she pawned some compact disks and a compact disk player whose serial number matched that of the stolen compact disk player. Appellant and his brother, Russell Clanton, were arrested after appellant's wife implicated them. A search of appellant's residence yielded a screwdriver, tire tool, and a Trust Company Bank money bag. The witness whose bank bag had been stolen identified the bag taken from appellant's house as his, identifying it by a tear in the fabric.

Russell Clanton, who previously had pleaded guilty to burglary, testified that he and appellant were together on the night of June 15, 1991 and that they burglarized the businesses in question, using a tire tool or large screwdriver to pry open the doors. He testified that they split the cash they found and that appellant took the compact disk player and disks. Appellant testified in his defense and stated he spent the night of June 15 at his father's home. He denied having been with his brother when the burglaries were committed and explained that the tools found in his home were tools he intended to use

in his new job as an auto mechanic. He testified further that the money bag was found in a screened porch where neighborhood children sometimes played and that one of them could have left the bag on the porch.

(a) "In Georgia, a defendant may not be convicted on the uncorroborated testimony of an accomplice. OCGA § 24-4-8. . . . The corroboration must be independent of the accomplice's testimony and it must connect the defendant to the crime or lead to the inference that he is guilty. [Cit.] 'However, the corroborating evidence need not of itself be sufficient to warrant a conviction of the crime charged. (Cit.) Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict. (Cit.)' [Cit.]" *Castell v. State*, 250 Ga. 776, 780 (1) (c) (301 SE2d 234) (1983). The corroborating evidence may be circumstantial. *Harris v. State*, 165 Ga. App. 186 (299 SE2d 393) (1983). The sufficiency of the corroborating evidence is a matter for determination by the jury. Id. at 187.

In this case, the State proffered evidence that one or more items identified as having been stolen from the burglarized businesses were found in appellant's residence. Moreover, the search of his home also yielded tools that could have been used to pry open the doors of the burglarized premises. This evidence was sufficient to corroborate Russell Clanton's testimony that he and appellant committed the burglaries by prying open the doors. *Jester v. State*, 151 Ga. App. 277 (259 SE2d 680) (1979); see *Harris*, supra at 187.

(b) Contrary to appellant's contention, the State did not present a case based solely on circumstantial evidence, for the eyewitness testimony of Russell Clanton constituted direct evidence of appellant's guilt, not circumstantial evidence. *Brown v. State*, 137 Ga. App. 331 (1) (223 SE2d 753) (1976). Given this direct testimony of guilt, properly corroborated by other evidence, the rule requiring exclusion of every other reasonable hypothesis does not apply. See *Williams v. State*, 204 Ga. 837, 841-843 (1) (51 SE2d 825) (1949). The evidence as a whole was sufficient to enable any rational trier of fact to find appellant guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Harris*, supra.

2. In his other enumeration, appellant contends the court's jury instruction regarding the testimony of an accomplice was erroneous. Pursuant to OCGA § 5-6-41 (f), an amended trial transcript was issued to correct what is obviously a typographical error in the original transcript by changing the word "police" in the original transcript to "accomplice" in the amended version. As corrected, the instruction gives an accurate statement of the applicable law. We find no error. See *New v. State*, 171 Ga. App. 392, 393 (6) (319 SE2d 542) (1984);

see also *Moulder v. State*, 207 Ga. App. 335, 336 (2) (427 SE2d 793) (1993).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED MAY 20, 1993.

*Brown & Chambers, Carla E. Brown*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.