A97A0945. GIVENS v. THE STATE.
(490 SE2d 530)

BLACKBURN, Judge.

Izell Givens appeals his convictions of armed robbery and aggravated assault. On appeal, Givens asserts the trial court erred in denying his motion for directed verdict of acquittal, contending that the only evidence against him was the non-corroborated testimony of an indicted co-conspirator. As sufficient evidence of corroboration was introduced, we affirm Givens' convictions.

"A directed verdict of acquittal is authorized only when there is no conflict in the evidence and the evidence and all reasonable deductions and inferences that can be drawn from it demand a verdict of acquittal. *Pierce v. State*, 209 Ga. App. 366, 368 (4) (433 SE2d 641)

(1993). On appeal, this court does not reweigh the evidence but only determines its legal sufficiency. *Lysfjord v. State*, 208 Ga. App. 811 (1) (432 SE2d 247) (1993)." *Davis v. State*, 213 Ga. App. 212 (1) (444 SE2d 142) (1994).

At trial, co-defendant Richard Lee Roberts testified that Givens and another co-defendant, Terry Christopher, discussed robbing the victim. Givens stated that he would kill the victim in order to avoid identification. Thereafter, Givens left the trailer with a bar bell and a telephone cord. Roberts took the bar bell from Givens and approached the victim's home. When the victim answered the door, Roberts hit him in the head with the bar bell. Givens searched through the victim's house and took the victim's gun. Roberts ran down the road and was later picked up by Givens and Christopher, who was driving the victim's truck. The three then traveled to Texas in the victim's truck.

"In Georgia, a defendant may not be convicted on the uncorroborated testimony of an accomplice. OCGA § 24-4-8. The corroboration must be independent of the accomplice's testimony and it must connect the defendant to the crime or lead to the inference that he is guilty. However, the corroborating evidence need not of itself be sufficient to warrant a conviction of the crime charged. Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict. The corroborating evidence may be circumstantial." (Citations and punctuation omitted.) *Clanton v. State*, 208 Ga. App. 669, 670 (1) (a) (431 SE2d 453) (1993).

"[T]he sufficiency of corroborating evidence should be peculiarly a matter for the jury to determine." (Punctuation omitted.) *Harris v. State*, 165 Ga. App. 186, 187 (299 SE2d 393) (1983). In the present case, Roberts' testimony was corroborated by Ron Deavers' testimony that he saw Givens standing by the victim's truck around the time of the assault, and by Deputy Sheriff Michael Spears' testimony that he arrested Givens in South Houston, Texas, in possession of the victim's truck. Although Givens contends that Deavers' testimony was impeached, such issue is for the jury's determination. Furthermore, "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." OCGA § 16-2-20 (a).

We find that the evidence was sufficient to enable a rational trier of fact to find Givens guilty beyond a reasonable doubt of aggravated assault and robbery. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 31, 1997.

*Lawrence W. Daniel*, for appellant.

*Thomas J. Charron, District Attorney, Michael S. Moody, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.