## A99A1886. BLACK v. THE STATE.
(529 SE2d 410)

BARNES, Judge.

Pursuant to the grant of his motion for an out-of-time appeal, Christopher Jones Black, also known as Ralph Wells and Harvey Phillips, appeals his conviction for possession of cocaine. He contends the trial court erred by denying his motion for a directed verdict of acquittal because the evidence was insufficient to sustain his conviction. We disagree and affirm.

1. A motion for a directed verdict of acquittal should be granted only when there is no conflict in the evidence and the evidence with

---

all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Taylor v. State*, 252 Ga. 125 (312 SE2d 311) (1984). On appeal a reviewing court may consider all the evidence in the case (*Bethay v. State*, 235 Ga. 371, 375 (219 SE2d 743) (1975)), and must view the evidence in the light most favorable to the verdict. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). Further, the test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), is the appropriate one to use when the sufficiency of the evidence is challenged, whether the challenge is from the denial of a directed verdict or the denial of a motion for new trial based upon alleged insufficiency of the evidence. *Humphrey v. State*, supra, 252 Ga. at 527 (1).

2. Black contends the trial court erred by denying his motion for a directed verdict of acquittal because he alleges the only evidence showing that he possessed the cocaine was the uncorroborated testimony of an accomplice. Black correctly asserts that in this State a defendant may not be convicted solely on the uncorroborated testimony of an accomplice. OCGA § 24-4-8. The corroborating evidence must be independent of the accomplice's testimony, and it must connect the defendant to the crime or lead to the inference that he is guilty. *Castell v. State*, 250 Ga. 776, 780 (1) (c) (301 SE2d 234) (1983). Nevertheless, only slight evidence is sufficient for corroboration (*Clanton v. State*, 208 Ga. App. 669, 670 (1) (a) (431 SE2d 453) (1993); *Jester v. State*, 151 Ga. App. 277, 278 (259 SE2d 680) (1979)), and the corroborating evidence may be circumstantial. *Harris v. State*, 165 Ga. App. 186 (299 SE2d 393) (1983). Moreover, whether there was sufficient corroboration is a question for the jury. *Clanton*, supra, 208 Ga. App. at 670 (1) (a).

3. Viewed in support of the verdict, the evidence shows that a detective from the Forest Park Police Department on loan to the Clayton County Narcotics Unit Task Force testified that, with the assistance of a drug source, he set up a controlled buy in a Zesto's parking lot. The source made a telephone call to a subject known to the detective as "Chris." Later, a vehicle drove up, and the source went to the passenger side of the car, appeared to have a conversation with the passenger, and handed money to a black male in the passenger seat. Earlier in the evening the detective had given the source a marked $100 bill with which to make a drug buy.

When the vehicle drove away, the detective made a radio call to other officers and gave them a description of the car and its tag number. He then recovered what appeared to be crack cocaine from the source. After driving to where the other policemen had stopped the car, he assisted the other officers. Subsequently, the detective searched the car and found the marked $100 bill and some suspected cocaine hidden in the back of the driver's seat. ·

The driver of the car in which Black was riding also testified. He stated that, while with him, Black received a page on his pager, answered the call, and agreed to meet someone at Zesto's. When they arrived at Zesto's parking lot, somebody came up to the passenger's side window, Black handed him some "dope," and some money came through the window.

Under the circumstances, the testimony of the detective regarding what he heard about setting up the deal, his observation of the drug transaction, and his later finding the marked bill was at least slight evidence from which the jury could conclude that evidence, independent of the accomplice's testimony, connected Black to the crime and led to the inference that Black was guilty. *Castell v. State*, supra, 250 Ga. at 780 (1) (c); *Clanton v. State*, supra, 208 Ga. App. at 670. Accordingly, we find there was sufficient corroboration of the accomplice's testimony for the case to be submitted to the jury.

Reviewing all the evidence in the light most favorable to the verdict, the record reveals ample evidence from which any rational trier of fact could find beyond a reasonable doubt that Black was guilty of the offense charged. *Jackson v. Virginia*, supra, 443 U. S. 307. Accordingly, the trial court did not err by denying Black's motion for a directed verdict of acquittal.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 8, 2000.

*Patricia F. Angeli*, for appellant.
*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.