A05A1093, A05A1094. DANIEL v. THE STATE (two cases).
(619 SE2d 770)

RUFFIN, Chief Judge.

Willie Roger Daniel appeals three convictions for burglary entered in two separate jury trials in Meriwether County. In Case No. A05A1093, Daniel asserts the general statutory grounds and contends that the testimony of his accomplice was not corroborated. In Case No. A05A1094, Daniel challenges the sufficiency of the evidence and again claims that his conviction for burglary must be reversed because it relied upon the uncorroborated testimony of an accomplice. We affirm in both cases.

### Case No. A05A1093

On appeal from a criminal conviction, the evidence must be viewed in a light most favorable to the verdict.[1] So considered, Lola Pifer was a key witness against Daniel. In the first incident, Pifer testified that Daniel had her knock on the door of a home later determined to belong to Julie Juarez. Thereafter Daniel used a crow bar to pry a door open. Once inside, she and Daniel took two televisions and a VCR which they sold to buy crack cocaine.

After her arrest, Pifer cooperated with investigators and directed them to several locations where the stolen items were sold including the home of Demetris Jackson, a longtime friend of Daniel. Jackson, who testified at trial, confirmed that Daniel had come by his house one night and offered to sell a television for $20. Jackson paid $20 to Daniel for the television. Jackson also recalled that shortly after purchasing the television, police had come to his house to retrieve it. The television recovered from Jackson was taken to the sheriff's office

---

[1] See *Wilson v. State*, 270 Ga. App. 555, 556 (607 SE2d 197) (2004).

where Juarez identified the television as hers. Juarez confirmed that someone had broken into her house and taken two televisions and a VCR. As to the second incident, Pifer testified that while at the home of Oscar McLaughlin, she saw Daniel take a Yamaha keyboard from McLaughlin's house then hide it beneath a jacket in the back seat of their car. The theft occurred while McLaughlin went next door to use his sister's telephone and left Daniel and Pifer outside in his yard. After McLaughlin returned, Daniel tried to borrow money from him. As soon as McLaughlin went back inside his home, he noticed that his Yamaha keyboard was missing and he "ran back outside and tried to stop the car [but] they kept going." McLaughlin contacted the sheriff's department which subsequently placed a lookout for the green Grand Am occupied by Daniel and Pifer. Based on that description, police stopped Daniel and Pifer's vehicle shortly thereafter.

Daniel was found guilty of the two burglaries, theft by taking, and theft by receiving stolen property. At sentencing, the trial court merged the two convictions for theft into the convictions for burglary.

1. Daniel asserts that his convictions impermissibly relied upon the uncorroborated testimony of an accomplice. He points out that Pifer admitted her involvement and yet was not charged with any offense.

A defendant may not be convicted solely on the uncorroborated testimony of an accomplice.[2] By definition, an accomplice is a person who is present during the commission of a crime and aids and abets the perpetrator.[3] While a conviction may not be based on the uncorroborated testimony of an accomplice, the corroborating evidence need not itself be sufficient to warrant a conviction for the offense charged.[4] The sufficiency of the corroborating evidence is a matter peculiarly for the jury to determine.[5]

Here, the record contains corroborating evidence as to both burglaries. Shortly after the break-in at Juarez's home, Daniel sold a television to Jackson. Juarez identified the television sold to Jackson as hers. In the other incident, when McLaughlin briefly left to use his sister's telephone, Daniel and Pifer were the only persons outside his house. Upon his return minutes later, McLaughlin noticed that his keyboard was missing. In addition, when the Luthersville police

---

[2] OCGA § 24-4-8.

[3] See *Ford v. State*, 232 Ga. 511, 516 (7) (207 SE2d 494) (1974).

[4] *Givens v. State*, 227 Ga. App. 861, 862 (490 SE2d 530) (1997).

[5] See id.; *Harris v. State*, 165 Ga. App. 186, 187 (299 SE2d 393) (1983).

stopped the car that Pifer was driving, Daniel fled. From this evidence, a rational trier of fact could have found sufficient corroboration to find Daniel guilty beyond a reasonable doubt of both burglaries.[6]

2. In related claims, Daniel contends that the verdict is contrary to the evidence, without evidence to support it, decidedly against the weight of the evidence, and contrary to law and the principles of justice and equity. When, as here, the general grounds are raised, there is nothing for appellate review except the sufficiency of the evidence.[7]

The evidence presented was more than ample to sustain Daniel's convictions. Significant details of Pifer's testimony were corroborated by other evidence including to whom and where Daniel sold one of the televisions and McLaughlin's testimony about the theft of his keyboard. From this evidence, a rational trier of fact could have found the essential elements of both burglaries.[8]

### Case No. A05A1094

In the other trial, again, the primary witness to testify against Daniel was Pifer. Pifer testified that after borrowing a car from a friend, she accompanied Daniel on several burglaries. According to Pifer, she and Daniel went to a house, later determined to belong to Margie Boles, where Daniel opened the screen and "boosted [her] through the back window." Once inside, she opened the door for Daniel, and the two began looking for items of value, ultimately taking two black and white televisions that were later exchanged for drugs. The homeowner, Boles, testified and confirmed that two black and white televisions were, in fact, stolen from her house.

3. In appealing this burglary conviction, Daniel contends that accomplice testimony must be corroborated and that Pifer's testimony was not. For that reason, he claims that his conviction cannot be sustained. We disagree.

Here, Pifer testified that she and Daniel forcibly entered the Boles' residence while no one was home and stole the two televisions. Boles confirmed that her house was broken into and that two black and white televisions were taken without her permission. In light of the corroborative testimony, the trial court did not err in refusing to direct a verdict or by denying Daniel's motion for new trial.[9]

---

[6] *Clanton v. State*, 208 Ga. App. 669, 670 (1) (b) (431 SE2d 453) (1993).

[7] See *Martin v. State*, 219 Ga. App. 277, 278 (1) (464 SE2d 872) (1995).

[8] See *Stargell v. State*, 254 Ga. App. 72, 73 (1) (561 SE2d 207) (2002).

[9] See *Craig v. State*, 105 Ga. App. 244, 245 (3) (124 SE2d 302) (1962).

4. In challenging this conviction, Daniel also raises the general grounds, urging this Court to "review the trial transcript as well as the transcript of his Motion for New Trial in the light of the holding enunciated in *Jackson v. Virginia. . . .*"[10] In violation of Court of Appeals Rule 25, Daniel has not supported his argument with citations to the record, authority, or otherwise elaborated upon his insufficiency claim. Nevertheless, because the record is short and the issue is narrow, we will exercise our discretion to resolve this issue on its merits.[11]

Even had the sufficiency issue been properly presented, it offers no basis for reversal. As charged here, the offense of burglary required proof that Daniel, without authority, entered the dwelling house of another, with the intent to commit a theft therein.[12] The evidence adduced at trial was sufficient to enable a rational trier of fact to find the essential elements of burglary.[13]

*Judgments affirmed in Case Nos. A05A1093 and A05A1094. Johnson, P. J., and Barnes, J., concur.*

DECIDED AUGUST 11, 2005.

*Joseph W. Jones, Jr.*, for appellant.
*Peter J. Skandalakis, District Attorney, Robert N. Peterkin, Assistant District Attorney*, for appellee.

---

[10] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[11] See *Chastain v. State*, 237 Ga. App. 640 (516 SE2d 362) (1999) (notwithstanding an obvious failure to properly cite the record, this Court may exercise its discretion to resolve an issue on its merits); *Taylor v. State*, 277 Ga. 764 (596 SE2d 138) (2004) (liberal construction of the Appellate Procedure Act required).
[12] OCGA § 16-7-1 (a).
[13] See *Alexander v. State*, 166 Ga. App. 233 (1) (303 SE2d 773) (1983).