## S07A0887. HIGH v. THE STATE.
(647 SE2d 270)

CARLEY, Justice.

Alvin High was charged with burglary and murder. The State's evidence showed that he and Dan Thomas burglarized a neighbor's house and stole numerous items, including a pistol. The following day, High, accompanied by Thomas and two other friends, accosted and killed Lonneil Wade, who was a total stranger, for the sole purpose of testing the stolen weapon. The jury found High guilty of both crimes. The trial court imposed a sentence of life imprisonment for murder and a consecutive 20-year term for burglary, and High appeals.[*]

1. High enumerates the general grounds. With regard to the burglary charge, Thomas testified that he and High broke into the neighbor's house, that they stole the items and that High took the pistol. His testimony was corroborated by evidence that property taken in the theft was found in High's bedroom. See *Burdette v. State,* 276 Ga. App. 695, 697 (1) (624 SE2d 253) (2005); *Bearden v. State,* 275 Ga. App. 378, 379 (1) (620 SE2d 613) (2005); *Daniel v. State,* 275 Ga. App. 70, 71 (1) (619 SE2d 770) (2005). Moreover, " '[e]vidence of recent, unexplained possession of stolen goods may be sufficient to give rise to an inference that the defendant committed the burglary.' [Cit.]" *Davis v. State,* 275 Ga. App. 714, 716 (1) (621 SE2d 818) (2005).

Once it is shown that goods were stolen in a burglary, absence of or unsatisfactory explanation of the possession of the goods will support a conviction for burglary based upon recent possession of the stolen goods. Whether a defendant's explanation of possession is satisfactory is a question for the jury; so is lack of explanation. . . . [Cits.]

---

[*] The burglary took place on November 9, 2004 and the murder was committed on November 10, 2004. The grand jury indicted High for the crimes on February 11, 2005. The jury returned the guilty verdicts on December 9, 2005. The trial court entered the judgments of conviction and imposed the sentences on January 10, 2006. High filed a motion for new trial on January 18, 2006. On December 21, 2006, he filed a premature notice of appeal, followed by a motion to withdraw the motion for new trial on January 2, 2007, and he then filed a premature amended notice of appeal on January 4, 2007. See *Heard v. State,* 274 Ga. 196 (1) (522 SE2d 818) (2001); *Taylor v. State,* 173 Ga. App. 745 (327 SE2d 860) (1985). On February 7, 2007, the trial court entered a written order which granted the motion to withdraw the motion for new trial, thereby investing the previously filed premature notice of appeal with jurisdictional validity. See *Heard v. State,* supra; *Ailion v. State,* 190 Ga. App. 151, 153 (2) (378 SE2d 507) (1989). See also *Livingston v. State,* 221 Ga. App. 563 (1) (472 SE2d 317) (1996) (premature notice of appeal treated as effective upon filing of order or judgment appealed). In accordance with the notice of appeal, the case was originally docketed in the Court of Appeals, but, by order entered on February 27, 2007, that Court properly transferred the case to this Court pursuant to the mandate of *State v. Thornton,* 253 Ga. 524 (1) (322 SE2d 711) (1984). The appeal was docketed here on March 1, 2007, and was submitted for decision on April 23, 2007.

*Berry v. State*, 274 Ga. App. 366, 369 (1) (618 SE2d 72) (2005).

With regard to the murder charge, High was identified as the shooter by all three of his friends who were present when the homicide occurred. The testimony of each corroborated that of the others, and was independently corroborated by evidence that the murder weapon was found under the mattress of High's bed.

When construed most strongly in support of the jury's verdicts, the evidence was sufficient to authorize a rational trier of fact to find proof of High's guilt of burglary and murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. High moved to sever the two counts for separate trial. The trial court denied the motion on the ground that the burglary and murder were connected crimes, and High enumerates that ruling as error.

High killed the victim with a gun that he stole in a burglary committed the preceding day. This "shows a continuing course of criminal conduct." *Varnadoe v. State*, 227 Ga. App. 663, 664 (1) (490 SE2d 517) (1997).

> The absolute right to severance exists only where offenses have been joined solely because they are of the same or similar character. [Cit.] Where, however, as here, joinder is based on a series of acts connected together, severance lies within the sound discretion of the trial court. [Cits.]

*Bland v. State*, 264 Ga. 610, 611 (2) (449 SE2d 116) (1994). Since the burglary and murder were connected crimes, the trial court did not abuse its discretion in denying High's severance motion.

*Judgments affirmed. All the Justices concur.*

DECIDED JUNE 25, 2007.

*Robert H. Alexander III*, for appellant.

*Patrick H. Head, District Attorney, Kathryn E. Cozzo, John R. Edwards, Dana J. Norman, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.