## A01A0600. EVANS v. THE STATE.
(550 SE2d 118)

MILLER, Judge.

Following a bench trial, Yateshia Evans was found guilty of misdemeanor obstruction. On appeal she challenges the sufficiency of the evidence.[1] In this case of first impression, we must decide whether informing a third party of the presence of police and warning him not to go into a home where officers are conducting a search

---

[1] The Supreme Court of Georgia transferred this case to the Court of Appeals, finding that Evans waived a constitutional challenge by raising it first in a motion for new trial. For this same reason we will not address the first enumeration challenging the constitutionality of OCGA § 16-10-24 (a) as applied to Evans. See *Kolokouris v. State*, 271 Ga. 597-598 (1) (523 SE2d 311) (1999); *Rogers v. Barnett*, 237 Ga. App. 301, 302-303 (3) (514 SE2d 443) (1999).

and a "reversal"[2] are sufficient to sustain a conviction for obstruction of a law enforcement officer. We hold that under the circumstances of this case, it is sufficient and affirm.

1. On appeal the evidence must be viewed in the light most favorable to the verdict, the appellant no longer enjoys the presumption of innocence, and we determine the sufficiency of the evidence and neither weigh the evidence nor judge the credibility of the witnesses.[3]

Viewed to support the verdict, the evidence showed that officers were executing a search warrant at a home and running a reversal out of the same home. Officers had set up perimeter security and were waiting for people to approach the house. Evans, while standing on the porch of her house across the street, warned an individual who approached not to go into the house where the officers were located. After police told her to go back inside her home, she warned another person, "Hey don't go in there. The police is inside [sic]." The person then stopped immediately and "left in a hurried manner." An officer testified that Evans was loud enough that the officers at the home across the street could hear her.

The trial court found that after being instructed by an officer not to call out the warning, her subsequent calling out to the second person who then fled "was an affirmative act that jeopardized both the officers' safety and the safety of others who were . . . in the area, and also obstructed the officers from carrying out the lawful pursuit of their duty." Evans argues that the evidence is insufficient to sustain her conviction.

Under OCGA § 16-10-24 (a), a person "who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." This court has previously held that certain verbal exchanges between a defendant and officers can authorize a conviction for misdemeanor obstruction.[4] And in *Woodward v. Gray*,[5] this court commented in dicta that "[w]arning the subject of an investigation or inciting others to interfere and to hinder an investigation can constitute verbal obstruction."

Here Evans's comments potentially jeopardized the safety of the officers in pursuit of their duties. Further, her comments could also be heard at the home where the reversal was being conducted so as to

---

[2] A "reversal" is where officers pose as narcotics sellers to sell drugs to those who come onto the premises.

[3] *Fowler v. State*, 246 Ga. App. 639, 640 (541 SE2d 447) (2000).

[4] See *Duke v. State*, 205 Ga. App. 689 (423 SE2d 427) (1992); *Hudson v. State*, 135 Ga. App. 739-740 (218 SE2d 905) (1975).

[5] 241 Ga. App. 847, 849-850 (a) (527 SE2d 595) (2000).

incite the suspects being held inside. Thus, the evidence sufficed to sustain the conviction within the meaning of *Jackson v. Virginia*.[6]

2. Evans also argues that there is a fatal variance between the accusation and the proof at trial. Specifically, she claims that she was charged with obstruction by interfering with the execution of a warrant but was convicted of obstruction by interfering with the officers' reversal. This argument is without merit as the execution of the search warrant and the reversal occurred simultaneously. Thus, even assuming there was such proof at trial, there was no variance between that proof and the accusation.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED JUNE 12, 2001.

*Gerard B. Kleinrock*, for appellant.

*Gwendolyn R. Keyes, Solicitor-General, Rupal D. Vaishnav, Michael R. Baer, Assistant Solicitors-General*, for appellee.

---

[6] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).