### A02A0626. HAWKINS v. THE STATE.
(563 SE2d 926)

MILLER, Judge.

Convicted of rape, Charles Hawkins appeals. In his sole enumeration of error, Hawkins contends that the evidence was insufficient to sustain his conviction. We affirm.

On appeal we view the evidence in the light most favorable to the verdict, the appellant no longer enjoys the presumption of innocence, and we only determine the sufficiency of the evidence and neither weigh the evidence nor judge the credibility of the witnesses. *Evans v. State*, 250 Ga. App. 70, 71 (1) (550 SE2d 118) (2001).

Viewed in this light, the evidence showed that around 10:00 p.m., the victim locked the door to her place of business and proceeded to her car, when she saw a man charging toward her. The victim attempted to get into her car, but the man pulled her out and put his hand over her mouth. The victim then bit the man on his right hand. The man put his arm around the victim's neck, choking her, and pounded her in the face until the victim passed out. When the victim came to, she realized that she was facedown, the man was on top of her, and that he had penetrated her vagina with his penis.

Although initially the only feature the victim could remember of her attacker was his bulging eyes and his race, she later recalled the man's face as he charged at her. The victim looked at several police photos to see if she could identify her attacker. A couple of days later, the victim identified Hawkins as the man who attacked her.

Hawkins argues that there was no direct evidence linking him to the crime. We disagree. A person commits the crime of rape when he has carnal knowledge (any penetration of the female sex organ by the male sex organ) of a female forcibly against her will. OCGA § 16-6-1 (a). In this case, although the victim could not initially remember what her attacker looked like other than his bulging eyes, she later

identified him both from police photos and at trial. This is direct evidence linking Hawkins to the crime, and the credibility of the victim is solely a matter to be resolved by the jury. *Troutman v. State*, 191 Ga. App. 243, 244 (1) (381 SE2d 409) (1989). Thus, the evidence was sufficient to sustain Hawkins's conviction.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED APRIL 11, 2002.

*Jerry W. Moncus*, for appellant.

*Kermit N. McManus, District Attorney, Mark P. Higgins, Jr., Assistant District Attorney*, for appellee.