A04A1236. MILLIRONS v. THE STATE.
(602 SE2d 346)

BARNES, Judge.

Larry Millirons appeals his conviction of one count of burglary (OCGA § 16-7-1). He contends that the trial court erred by denying his motion for a directed verdict because the evidence was not sufficient to convict him of burglary. Millirons further alleges the trial court erred by not including the co-defendant's name when reading the indictment to the jury. Finding no error, we now affirm.

On appeal, Millirons argues that the State failed to prove all of the elements of burglary, specifically that of "entry." He asserts that the state relied solely on the testimony of an impeached witness (the co-defendant) who said that he saw Millirons enter the house. Then, Millirons argues that even if the co-defendant's testimony is to be believed and relied upon solely, OCGA § 24-4-8 renders his testimony insufficient because he is an accomplice to a felony.

Viewed in the light most favorable to the verdict, the evidence shows that the victim was expecting the co-defendant to come to his

---

[13] See id.

home to do some repairs and that he did not show up at the scheduled time. When the co-defendant and Millirons finally arrived at the victim's home, no one was at the house. The co-defendant saw Millirons go inside the house and the neighbor witnessed him make several trips from the victim's house to the truck. The victim returned home to find several items missing, including two guitars, an amplifier, and a Craftsman tool set. The victim later recovered all of the stolen items from the co-defendant.

1. In *Ross v. State*, 245 Ga. 173, 177 (5) (263 SE2d 913) (1980), our Supreme Court held that the OCGA § 24-4-8 exception, upon which Millirons relies, "does not apply where the state does not rely solely on the testimony of a single accomplice." Thus, Millirons' argument is flawed, in that it overlooks the testimony of the other two witnesses in the case. The victim testified that certain items were taken from his home and that he had not given anyone permission to enter his home and take the items that were stolen. He also testified that he retrieved the stolen items from Millirons' co-defendant. The neighbor testified that she saw Millirons walk from the front of the house to his truck three or four times, but that the co-defendant did not go to the house. The State relies on the testimony of all three witnesses, not merely that of the co-defendant. Therefore, the OCGA § 24-4-8 exception is inapplicable in this case.

A motion for a directed verdict of acquittal should be granted only when there is no conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Taylor v. State*, 252 Ga. 125, 127 (1) (312 SE2d 311) (1984). On appeal, a reviewing court may consider all the evidence in the case (*Bethay v. State*, 235 Ga. 371, 375 (1) (219 SE2d 743) (1975)), and must view the evidence in the light most favorable to the verdict. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). Further, the test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), "is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." *Humphrey*, supra at 527 (1). Review of the evidence discussed above in this manner reveals ample evidence from which any rational trier of fact could find beyond a reasonable doubt that Millirons was guilty of the offense charged. *Jackson v. Virginia*, supra. Accordingly, the trial court did not err by denying the appellant's motion.

2. Millirons' next argument fails on its face. He argues that he is entitled to a new trial because the weight of the evidence was contrary to the verdict. The authority to grant a new trial on that basis, however, is vested in the trial court by OCGA § 5-5-21. The law gives

to the trial judge alone the authority to grant a new trial for that reason. This court has no such power. *Dixon v. State*, 192 Ga. App. 845, 846 (386 SE2d 719) (1989). Furthermore, we determine the sufficiency of the evidence, but neither weigh the evidence nor judge the credibility of the witnesses. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

3. Finally, Millirons contends that the trial court erred by omitting the co-defendant's name from the indictment when charging the jury. Assuming that the court erred in its charge to the jury, we find that the error was of a harmless nature for several reasons. The co-defendant had pled guilty and been sentenced before the commencement of trial. Also, the co-defendant testified at trial and was subject to cross-examination. During opening statements, Millirons objected to the reading of the indictment without the co-defendant's name and Millirons' status as a co-defendant was clarified at that time. Finally, the co-defendant's name appears on the indictment that was sent back with the jury.

A party seeking a reversal must show not only error, but injury arising from the error alleged. *Martin v. State*, 219 Ga. App. 277, 280 (2) (b) (464 SE2d 872) (1995). Therefore, assuming the trial court's failure to include the name of the co-defendant when it read the indictment to the jury to be error, we find it highly probable that the error did not contribute to the judgment, and accordingly that the error was harmless. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JULY 21, 2004.

*David E. Slemons*, for appellant.
*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, Assistant District Attorney*, for appellee.