A05A0256. HOWSE v. THE STATE.
(614 SE2d 869)

BERNES, Judge.
Edward Eugene Howse appeals his conviction of one count of child molestation based on acts committed against his half-sister, L. V. R., then age 14.[1] He raises allegations of error challenging the sufficiency of the evidence to support his conviction, the admission of similar transaction evidence and the trial court's decision to except a state's witness from the rule of sequestration without requiring the witness to testify first. We find Howse's allegations of error to be without merit and affirm.

"When evaluating the sufficiency of the evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Dean v.*

---

[1] The instant case is appealed pursuant to the trial court's grant of an out-of-time appeal following our remand of the case in *Howse v. State*, 262 Ga. App. 790 (586 SE2d 695) (2003).

*State,* 273 Ga. 806, 806-807 (1) (546 SE2d 499) (2001). We review the evidence in the light most favorable to the verdict, giving deference to the jury's determination as to the proper weight and credibility to be given the evidence. Id. at 807 (1). It is the function of the jury, not this Court, to assess the credibility of the witnesses, to resolve any conflicting evidence, and to determine the facts. *Butler v. State,* 273 Ga. 380, 382 (1) (541 SE2d 653) (2001).

So construed, the evidence shows that on the morning of December 30, 1995, Howse called his stepmother, who was also L. V. R.'s mother, and asked if L. V. R. could babysit his son. Howse's stepmother conferred with L. V. R. and then agreed. Later that afternoon, she dropped L. V. R. and L. V. R.'s ten-year-old brother and sister off at Howse's trailer. Howse went out that evening, and L. V. R. fell asleep on the living room sofa watching television. At approximately 11:00 p.m., Howse returned home briefly waking L. V. R. who soon dozed off again. She was again wakened when Howse placed his hand under her shorts where he fondled her vagina and forced two fingers inside her. A frightened L. V. R. feigned sleep. Howse thereafter carried L. V. R. to his bedroom, laid her on the bed, pulled down her pants, lifted her legs, and tried to insert his penis into her vagina. L. V. R. squirmed hoping "[t]o get him to stop." However, Howse persisted and attempted to put his penis in her mouth, masturbated, and ejaculated on her thigh. Howse then pulled L. V. R.'s shorts up and put her back on the couch.

The next morning, L. V. R. got up and felt "real gross" so she immediately showered. After running some errands, Howse took the children home. Once L. V. R. arrived home, she told her sister and brother that Howse "had messed with me and stuff and I was hurting real bad." She subsequently told her mother's boyfriend and her mother what had occurred. L. V. R.'s mother called the police and took L. V. R. to the hospital. There, the treating physician discovered a small tear or abrasion at the entrance of L. V. R.'s vagina consistent with attempted penetration.

Detective Michael Parham of the Cobb County Police Crimes Against Children Unit responded to the call made by L. V. R.'s mother. After interviewing L. V. R. at the hospital, Parham went to Howse's trailer to investigate. Howse gave Parham his consent to search the premises. Parham requested the shorts which L. V. R. had been wearing the previous night and Howse indicated that he had already washed them. The shorts were still damp when Parham seized them. At trial, Howse denied any wrongdoing. *Held:*

1. Howse challenges the sufficiency of the evidence contending the verdict is contrary to law, contrary to the evidence and strongly against the weight of the evidence. As an initial matter, we note this Court is not authorized to grant a new trial on the ground that the

verdict is contrary to the weight of the evidence. *Millirons v. State*, 268 Ga. App. 644, 645 (2) (602 SE2d 346) (2004). Howse nevertheless argues that the jury's verdict was unauthorized pointing to portions of the victim's testimony in which she questioned her memories of the event and stated she felt pressured into testifying. These issues relate to the credibility of the victim and credibility is "solely a matter to be resolved by the jury." (Citations omitted.) *Hawkins v. State*, 254 Ga. App. 868, 869 (563 SE2d 926) (2002). "It is the jury's prerogative to choose what evidence to believe and what to reject." *Trammell v. State*, 253 Ga. App. 725, 726 (1) (560 SE2d 312) (2002).

"A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). L. V. R. testified at trial that Howse had touched her vagina. This testimony standing alone was sufficient to support the jury's verdict.[2] See *Gartrell v. State*, 272 Ga. App. 726 (613 SE2d 226) (2005) ("The testimony of a single witness is generally sufficient to establish a fact.") (footnote omitted). In addition, the victim's testimony was corroborated by her outcry and by physical evidence of molestation.[3] Any rational trier of fact could have found Howse guilty beyond a reasonable doubt of the offense of child molestation. *Jackson v. Virginia*, supra; *Rash v. State*, 207 Ga. App. 585, 585-586 (1) (428 SE2d 799) (1993).

2. Howse contends the trial court erred in admitting evidence of the similar transaction between Tincher and Howse. State's witness Tincher testified at trial that in January 1993, Howse took her to his trailer on the pretext of cooking her breakfast. Instead, as soon as she arrived at the trailer, Howse began pulling at her clothes and was "all over" her. Tincher protested and Howse stopped temporarily. However, he ultimately forced his hand under her panties and attempted to rub his penis on her face. After realizing that he would not be able to consummate sexual intercourse with her, he masturbated and ejaculated on her body. Howse pleaded guilty to sexual battery as a result of the incident.

Before similar transaction evidence may be admitted, a hearing must be held pursuant to Uniform Superior Court Rule 31.3 (B) at which the State must affirmatively show:

---

[2] The indictment alleged in pertinent part that Howse "did . . . commit an immoral and indecent act . . . by touching, rubbing, and fondling the child's vagina and vaginal area. . . ."

[3] The victim's prior statements to Warren, her mother and to Detective Parham were admissible as substantive evidence of Howse's guilt. *Johnson v. State*, 236 Ga. App. 764, 765 (1) (513 SE2d 291) (1999).

that it seeks to introduce the evidence for an appropriate purpose; . . . that there is sufficient evidence to show that the accused committed the independent offense or act; and . . . that there is a sufficient connection or similarity between the independent offense or act and the crime charged such that [the] proof of the former tends to prove the latter.

*Bailey v. State*, 259 Ga. App. 293, 296 (5) (576 SE2d 668) (2003), citing *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). A trial court's decision to admit similar transaction evidence will be upheld on appeal unless it is clearly erroneous. *Bailey v. State*, supra at 298 (5).

At the evidentiary hearing, the State showed: (1) that it intended to introduce the similar transaction to show Howse's bent of mind, course of conduct, and lustful disposition and to corroborate L. V. R.'s testimony, all of which are permissible purposes. See *Davis v. State*, 238 Ga. App. 84, 87 (4) (517 SE2d 808) (1999) (bent of mind and lustful disposition); *Rash v. State*, supra at 587 (3); (2) that the testimony of Tincher was sufficient to show that Howse committed the independent act; and (3) that there was sufficient similarity between the prior act and the charged crime. Both events occurred in Howse's trailer home. In both cases, Howse initiated unwanted sexual attacks. In both cases, Howse put his hands down the panties of the victim. In both cases, Howse masturbated and ejaculated on the victims, and, in both cases, Howse unsuccessfully attempted penetration.

Howse nevertheless contends the challenged evidence was improperly admitted because the trial court failed to make a determination on the record as to the proper purposes for which the evidence was offered or as to Howse's identity as perpetrator of the independent act. "Even if the trial court did not make specific rulings on the record that each of the elements enunciated in *Williams* for admission of the evidence was satisfied, there was no harmful error because the evidence was sufficient for the trial court to have concluded that the *Williams* requirements were satisfied." (Citation and punctuation omitted.) *Farmer v. State*, 231 Ga. App. 78, 79 (1) (498 SE2d 559) (1998). See also *Byrd v. State*, 236 Ga. App. 485, 489 (6) (d) (512 SE2d 372) (1999).

Howse further argues that the similar transaction and the charged offense are dissimilar based on the disparity in the relative ages of his victims. Tincher was 23 years old, an adult, at the time the similar transaction occurred whereas L. V. R. was a 14-year-old child when the charged offense was committed. However, evidence of a sexual act against an adult woman may be admitted in the prosecution of a sexual offense against a minor child where, as here, there is sufficient similarity between the two acts. *Satterwhite v. State*, 250

Ga. App. 313, 316 (2) (a) (551 SE2d 428) (2001); *Rary v. State*, 228 Ga. App. 414, 415 (1) (b) (491 SE2d 861) (1997); compare *Bloodworth v. State*, 173 Ga. App. 688, 689 (1) (327 SE2d 756) (1985) ("pass" at adult woman not sufficiently similar to sexual molestation of six-year-old). "There is no requirement that the prior crime or transaction be absolutely identical in every respect." (Punctuation and footnote omitted.) *Williams v. State*, 263 Ga. App. 22, 24 (2) (587 SE2d 187) (2003).

Finally, we reject Howse's assertion that the trial court abused its discretion by failing to exclude the similar transaction evidence on the basis of undue prejudice. We note that a ruling as to prejudice "is not, strictly speaking, [a] part of the *Williams* analysis, and the [superior] court [was] not obligated to make an express finding on [the] issue." *Newman v. State*, 233 Ga. App. 794, 795 (2) (504 SE2d 476) (1998). Moreover, Howse did not object to the admission of Tincher's testimony on this ground at trial and has therefore waived this claim on appeal. Id. Irrespective of the waiver, we find a "probative connection" existing between Howse's attacks on Tincher and L. V. R. which outweighs any prejudice arising from the similar transaction's admission into evidence. See *Farley v. State*, 265 Ga. 622, 625 (2) (458 SE2d 643) (1995). The trial court did not err in admitting evidence of the similar transaction.

3. Howse contends that the superior court erred in allowing the investigating officer to be excepted from the rule of sequestration and in failing to require the investigating officer to testify first. Prior to the presentation of evidence, the prosecutor requested that the investigating officer be allowed to remain in the courtroom to assist him during trial.

Allowing a witness to be excepted from the rule of sequestration lies within the sound discretion of the trial court. *Fowler v. State*, 179 Ga. App. 492, 493 (2) (347 SE2d 322) (1986). And the trial court does not abuse its discretion where, as here, the State advises the trial court that permitting the investigating officer to sit with the State's attorney during the trial would assist in the prosecution of the case. *Totino v. State*, 266 Ga. App. 265, 269 (4) (596 SE2d 749) (2004). See also *Jarrell v. State*, 234 Ga. 410, 420-421 (6) (216 SE2d 258) (1975).

Citing *Stuart v. State*, 123 Ga. App. 311 (180 SE2d 581) (1971), Howse contends the trial court erred when it failed to require the investigating officer to testify first. *Stuart* is factually inapposite. In *Stuart*, we held the trial court erred when it followed its "policy" of allowing the State to call its witnesses in whatever order it desired, rather than exercising its discretion in determining whether to require the witness excepted from the rule of sequestration to testify first. Id. at 313 (1). In the instant case, the trial court expressly recognized that it was vested with discretion. "No, I don't think there

is a requirement that he testify first. That's within the discretion of the Court and I'll allow him to sit at counsel table and I will not require him to testify first."

Moreover, the investigating officer's testimony was primarily directed at the playing of his videotape interview with L. V. R. Howse has neither suggested nor demonstrated any harm arising from the alleged violation of the rule of sequestration. *Ryles v. State*, 177 Ga. App. 537, 538 (339 SE2d 792) (1986). The trial court did not err in excepting the investigating officer from the rule of sequestration or in failing to require the officer to testify first.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED MAY 11, 2005.

*Roderick H. Martin*, for appellant.
*Patrick H. Head, District Attorney, Amelia G. Pray, Eleanor A. Dixon, Assistant District Attorneys*, for appellee.