A05A1796. COLLINSWORTH v. THE STATE.
(622 SE2d 419)

MIKELL, Judge.

A jury convicted Doak Collinsworth of the unauthorized possession of drugs by an inmate, OCGA § 42-5-18 (b). The trial court sentenced him as a recidivist to serve five years consecutive to his prior sentence. Following the denial of his motion for a new trial, Collinsworth filed the present appeal, in which he asserts the general grounds. We affirm the conviction.

Collinsworth contends that the trial court erred in denying his motion for a new trial because the verdict is contrary to law, contrary to the evidence, and strongly against the weight of the evidence. "As an initial matter, we note this Court is not authorized to grant a new trial on the ground that the verdict is contrary to the weight of the evidence." (Citation omitted.) *Howse v. State*, 273 Ga. App. 252, 253-254 (1) (614 SE2d 869) (2005). The authority to grant a new trial on that basis is vested in the trial court alone by OCGA § 5-5-21. See *Millirons v. State*, 268 Ga. App. 644, 645-646 (2) (602 SE2d 346) (2004). Issues relating to witness credibility are matters for the jury to resolve, as "[i]t is the jury's prerogative to choose what evidence to believe and what to reject." (Citation and punctuation omitted.) *Howse*, supra at 254 (1).

"When, as here, the general grounds are raised, there is nothing for appellate review except the sufficiency of the evidence." *Daniel v. State*, 275 Ga. App. 70, 72 (2) (619 SE2d 770) (2005), citing *Martin v. State*, 219 Ga. App. 277, 278 (1) (464 SE2d 872) (1995). The standard of review when evidence sufficiency has been challenged is well settled. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Thomas v. State*, 262 Ga. App. 492-493 (1) (589 SE2d 243) (2003). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that Collinsworth became an inmate at Smith State Prison on April 15, 1999. Captain Billy Brown, the chief of security at the prison, testified that during his orientation, Collinsworth, like all other prisoners, was issued a combination lock with which to secure his property. Brown further testified that Collinsworth was informed that he was responsible for securing his property within his cell. According to Brown, no one other than Collinsworth knew the combination to the lock.

On August 16, 1999, Collinsworth was removed from his cell and transferred to the "administrative segregation" building in order for security personnel to investigate him for allegedly introducing drugs into the institution. Pursuant to prison regulations, officers confiscated and inventoried Collinsworth's personal property before moving it to his new cell. Among his possessions, they discovered a shampoo bottle containing a substance determined to be marijuana, along with razor blades, loose tobacco, and several cigars. Brown testified that inmates had been known to use razor blades to scrape tobacco out of a cigar and replace it with marijuana to create a "blunt" or marijuana cigar. The shampoo bottle and the marijuana were secured in a locked evidence room and were admitted into evidence at the trial.

Mark Disdar, a fellow inmate who described Collinsworth as "a good friend," testified that Collinsworth's property could have been mixed together with the property of other inmates when it was confiscated. During the state's cross-examination of Disdar, it was established that he had been convicted of aggravated assault, burglary, kidnapping, false imprisonment, armed robbery, theft by taking, and possession of a firearm during the commission of a crime. Additionally, Disdar, who wore a signet ring with a representation of a marijuana leaf on it at trial, admitted that he had recently entered a guilty plea to the charge of unauthorized possession of drugs by an inmate. He further admitted that had his case gone to trial, Collinsworth planned to testify on his behalf.

During his own trial testimony, Collinsworth admitted possession of the razor blades, tobacco, and cigars but denied possession of the shampoo bottle and marijuana. He stated that he did not own shampoo and that he had only hair conditioner, which he used for sexual purposes. Collinsworth admitted that he had been convicted four times for marijuana possession during the years he had been a state inmate and that he had in fact possessed drugs on those other occasions.

Applying the appropriate standard to the above summarized evidence, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Collinsworth was guilty of the unauthorized possession of drugs by an inmate, OCGA § 42-5-18 (b). Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 21, 2005.

*Samuel G. Oliver*, for appellant.
*Tom Durden, District Attorney*, for appellee.