## A05A2306. BROWN v. THE STATE.

(626 SE2d 596)

SMITH, Presiding Judge.

Forace Brown appeals from his aggravated assault conviction and contends that: (1) insufficient evidence supports his conviction; (2) the trial court erred in its jury charge on eyewitness identification testimony; (3) the trial court allowed improper evidence of his bad character; (4) the prosecutor made an improper burden-shifting comment during closing argument; and (5) hearsay evidence was used to establish his identity as the perpetrator of the aggravated assault. We find that sufficient evidence supports Brown's conviction, but we reverse and remand this case for a new trial based on the trial court's erroneous charge to the jury.

1. We first address Brown's contention that the evidence was insufficient. Construed in favor of the verdict, the evidence shows that three men asked the victim for money while she was walking home in the early morning hours. When she replied that she did not have any money, one of the men took her walking stick and beat her with it. The victim gave the police a general description of her assailant's age, height, skin color, and clothing. Both in court and in a pre-trial photo lineup, she identified Brown as her assailant and had no doubt about the accuracy of her identification.

This evidence sufficiently supports Brown's conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hawkins v. State*, 254 Ga. App. 868, 869 (563 SE2d 926) (2002). The victim's identification of Brown provided direct evidence linking him to the crime, "and the credibility of the victim is solely a matter to be resolved by the jury. [Cit.]" *Hawkins*, supra.

2. Brown correctly asserts that the trial court erred when it charged the jury, at the State's request, that one of the factors to be considered when evaluating the reliability of an eyewitness identification is "the level of certainty shown by the witness about her identification." *Brodes v. State*, 279 Ga. 435, 442 (614 SE2d 766) (2005). In *Brodes*, the Supreme Court held:

> In light of the scientifically-documented lack of correlation between a witness's certainty in his or her identification of someone as the perpetrator of a crime and the accuracy of that identification, and the critical importance of accurate jury instructions as "the lamp to guide the jury's feet in journeying through the testimony in search of a legal verdict," we can no longer endorse an instruction authorizing jurors to consider the witness's certainty in his/her identification as a factor to be used in deciding the reliability of that identification. Accordingly, we advise trial courts to

refrain from informing jurors they may consider a witness's level of certainty when instructing them on the factors that may be considered in deciding the reliability of that identification.

(Citation and footnote omitted.) Id. at 442. Because the only evidence linking Brown to the crime was the victim's identification testimony, we cannot say that the trial court's instruction to the jury "did not affect the outcome of the trial." Id. As a result, we must reverse and remand this case to the trial court for a new trial. Id. at 443.

3. Our holding in Division 2 renders Brown's remaining enumerations of error moot.

*Judgment reversed and case remanded with direction. Ellington and Adams, JJ., concur.*

DECIDED JANUARY 26, 2006.

*Peter D. Johnson*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.