[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14755
Non-Argument Calendar
_____

D. C. Docket No. 05-00011-CR-1-JTC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH LAMAR WEBB,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 22, 2007)**

Before ANDERSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Keith Lamar Webb appeals the district court's imposition of a 36-month

term of imprisonment upon revocation of his supervised release. In 1999, Webb pled guilty to possession with intent to distribute cocaine base in an amount in excess of five grams, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to a 78-month term of imprisonment, to be followed by a 5-year term of supervised release. While serving his term of supervised release, a United States Probation Officer filed a petition for an arrest warrant and an order to show cause why Webb's supervised release should not be revoked. The basis for the petition was Webb's violation of the following conditions of his supervised release: (1) failure to report as instructed; (2) unlawful use of a controlled substance; (3) two new acts of criminal conduct; (4) association with a convicted felon; and (5) failure to notify the probation officer of arrest. The new acts of criminal conduct included a July 2005 arrest for possession of cocaine and marijuana and a June 2006 arrest for the state-law offense of obstruction of officers.

At the revocation hearing, a Griffin, Georgia, Police Officer testified that in June 2006 Webb approached an area where the officer and other law enforcement agents were conducting an undercover drug operation. After being told to leave the area, Webb proceeded to yell, in a tone loud enough for others to hear, that the police were in the area. The officer testified that Webb's comments hindered their investigation. The district court revoked Webb's supervised release and imposed a

higher-than-recommended sentence because it found that Webb: (1) obstructed officers; (2) possessed crack cocaine and marijuana; (3) violated the technical terms of his supervised release; and (4) associated with a known felon.

Webb argues on appeal that the district court erred when it found he obstructed the officers because there was no evidence that the police investigation was actually hindered or that he acted intentionally or willfully. According to Webb, the government established, at best, that his comments gave rise only to the potential for hindrance.

As an initial matter, Webb does not argue that the district court erred in finding that he possessed crack cocaine and marijuana or that he associated with a convicted felon, and he has abandoned any arguments with regard to those claims. Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (deeming an issue waived where a party fails to include substantive argument).

"A district court's revocation of supervised release is reviewed under an abuse of discretion standard." United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994). "[A]n abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or . . . [makes] findings of fact that are clearly erroneous." Mincey v. Head, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) (citation omitted) (habeas case). The district

court's findings of fact in a revocation of supervised release case are binding unless they are clearly erroneous. United States v. Almand, 992 F.2d 316, 318 (11th Cir. 1993).

The district court may revoke a term of supervised release if it finds by a preponderance of the evidence that the defendant violated any term of his supervised release. 18 U.S.C. § 3583(e)(3). When confronted with such a violation, the court may, after considering the factors enumerated in 18 U.S.C. § 3553(a), among other things, "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release . . . ." Id. Pursuant to 21 U.S.C. § 841, Webb's underlying offense, which has a statutory maximum of 40 years' imprisonment, is considered a Class B Felony. See 18 U.S.C. § 3559(a)(4); see also 21 U.S.C. § 841(b)(1)(B)(iii). For a Class B Felony, 18 U.S.C. § 3583(e)(3) authorizes a term of imprisonment upon revocation of supervised release of not more than three years. See 18 U.S.C. § 3583(e)(3).

Even though Chapter 7 policy statements of the Sentencing Guidelines are merely advisory and thus non-binding, courts must at least consider them in determining a defendant's sentence upon revocation. United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006); see also 18 U.S.C. § 3553(a)(4)(B) (stating that in

4

determining the particular sentence to be imposed, the court shall consider, in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission).  In addition, § 3583(e) dictates that a court may revoke a term of supervised release but only after considering factors set forth in § 3553(a).  18 U.S.C. § 3583(e).  Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for adequate deterrence; (3) the protection of the public; (4) the need to provide the defendant with training, medical care, or correctional treatment; (5) the kinds of available sentences and the applicable guidelines sentencing range; (6) the pertinent Sentencing Commission policy statements, (7) the need to avoid unwarranted sentencing disparities, and (8) the need to provide restitution to victims of the offense.  18 U.S.C. §§ 3553(a).

The district court "shall state in open court the reasons for its imposition of the particular sentence, and if the sentence . . . is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described."  18 U.S.C. § 3553(c)(2).  "When exceeding the recommended range, the court must normally indicate that it considered the Chapter 7 policy statements."  Silva, 443 F.3d at 799.  However, "nothing in Booker or elsewhere requires the district court to state on the record

5

that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (non-revocation case).

Under Georgia law, "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." O.C.G.A. § 16-10-24(a) (West 2007). Verbal obstruction may suffice to sustain a conviction under O.C.G.A. § 16-10-24(a) where the defendant "warn[s] the subject of an investigation or incit[es] others to interfere and to hinder an investigation." Woodward v. Gray, 527 S.E.2d 595, 599 (Ga. Ct. App. 2000); see also Evans v. State, 550 S.E.2d 118, 119 (Ga. Ct. App. 2001) (holding that defendant's comments, which included calling out warnings to others in the area, jeopardized the safety of the officers in pursuit of their duties and were loud enough to incite other suspects).

Although Webb argues that abuse of discretion is the proper standard of review, and the government argues that the standard is plain error, it is not necessary to resolve the dispute here because the revocation and the sentence imposed should be affirmed under either standard, as explained below.

The district court did not abuse its discretion when it revoked Webb's supervised release because Webb violated the conditions of his supervised release.

6

Webb does not dispute on appeal the district court's finding that, as a result of his July 2005 arrest, he violated the terms of his release when he possessed crack cocaine and marijuana, a Grade B violation. Webb also does not challenge the fact that the drug possession violation was a more serious grade violation than the misdemeanor obstruction violation. See U.S.S.G. § 7B1.1(b) (specifying that "[w]here there is more than one violation of the conditions of supervision . . . the grade of the violation is determined by the violation having the most serious grade"). In addition, Webb admitted to the technical violations of his supervised release, and he does not challenge the allegation that he associated with a convicted felon.

Although the district court was authorized to revoke Webb's supervised release based on the foregoing violations after considering the § 3553(a) factors, there also was sufficient evidence to find by a preponderance of the evidence that Webb committed the obstruction offense. Two officers testified that while they were conducting an undercover operation, Webb made comments warning others of the presence of the police after he was told to leave the area. Because Webb's comments were loud enough to incite and warn others and potentially jeopardize the safety of the officers, his behavior was sufficient to sustain a conviction under O.C.G.A. § 16-10-24(a).

7

Therefore, the district court did not abuse its discretion when it revoked Webb's supervised release after finding that Webb committed several violations of his release. The court explicitly indicated that it considered the Chapter 7 guidelines range. The court also considered the nature and circumstances of the offense and the history and characteristics of Webb. In imposing a higher-than-guidelines sentence, the court discussed Webb's pattern of recidivism, particularly with regard to his drug-related conduct. Thus, although it was not required to discuss each of the § 3553(a) factors, it is clear that the court considered the § 3553(a) factors. After it considered the § 3553(a) factors, the court was statutorily authorized to impose a sentence of three years' imprisonment based on the class of Webb's underlying offense.

Upon careful review of the record and upon consideration of the parties' briefs, we find no reversible error. For the above reasons, we affirm.

**AFFIRMED.**[1]

---

[1] Webb's request for oral argument is denied.