## A07A1506. IMM v. CHANEY.

(651 SE2d 855)

PHIPPS, Judge.

Patrick Imm was assisting Michael Chaney in erecting a wooden fence in Chaney's yard when Chaney accidentally injected a nail into Imm's foot. Imm sued Chaney for negligence, seeking compensatory damages for a disabling injury. Chaney answered the complaint, asserting that negligence attributable to Imm was greater than or equal to any negligence by Chaney. Imm later amended his complaint to seek punitive damages based on the claim that Chaney's actions had showed a want of care which would raise the presumption of conscious indifference to consequences.[1] The jury returned a verdict in favor of Chaney. After entering judgment on the verdict, the court denied Imm's motion for judgment notwithstanding the verdict or new trial. Imm appeals. We affirm.

Evidence at trial showed that at the time of the accident, Chaney was operating a nail gun to erect fence posts. Imm decided to use his foot to secure one of the posts. Chaney repeatedly told Imm that he needed to move his foot. After Imm assured Chaney that he did not need to do so, Chaney injected one nail into the post without incident. But the second nail injected by Chaney went through the post into Imm's foot. As a result, Imm was taken to a hospital emergency room and underwent surgery.

1. Imm contends that the trial court erred in denying his motion for new trial on grounds that the verdict was contrary to evidence and law and against the weight of the evidence. The denial of a motion for new trial on these grounds addresses itself solely to the discretion of the trial court.[2] We sustain the trial court's denial of a motion for new trial if, viewing the evidence in a light most favorable to upholding the

---

[1] See OCGA § 51-12-5.1 (b).

[2] See *Collinsworth v. State*, 276 Ga. App. 58 (622 SE2d 419) (2005); *Clark v. United Ins. Co.*, 199 Ga. App. 1, 3 (1) (404 SE2d 149) (1991).

jury's verdict, there is any evidence to support the verdict.[3] Here, there is evidence supporting the verdict.

2. Imm contends that the trial court erred in denying his motion in limine to prevent any reference at trial to the parties' friendship.

By pretrial order, the court denied this motion on the ground that such information was relevant to the motive and conduct of the parties specifically with regard to the issue of punitive damages. We find no abuse of discretion in that ruling.[4] Moreover, at trial, Imm sought to show that Chaney had hired him to help build the fence but had reneged on his agreement to pay him. That opened the door to Chaney's testimony that Imm agreed to help him build the fence more as an act of friendship.

3. Imm contends that the trial court erred in admitting the hospital's report of his admission to the emergency room following the accident.

After Chaney sought to admit the report at trial, Imm objected on grounds that his statement in the report that he had drunk alcohol that day constituted inadmissible and prejudicial hearsay. After Chaney argued that the report showed that Imm had made the statement for the purpose of medical treatment,[5] the court overruled Imm's objection. On appeal, Imm argues that an examination of the report in conjunction with other documentation in the record shows that he could not have made the statement for the purpose of medical treatment because he made the statement after medical treatment was rendered. We disagree. As we read the documents, they indicate that the emergency room report was prepared prior to performance of the surgery on Imm's foot, so that the statement was made before medical treatment was rendered.

4. Imm contends that the court erred in admitting certain of his prescription drug records from CVS Pharmacy stores.

At trial, Imm objected to admission of these records on the ground that an adequate foundation for the admission of business records had not been laid. The court overruled Imm's objection after Chaney elicited testimony from a CVS pharmacist that the records were created by CVS in the regular course and scope of its business; that the records were "true and accurate" "for the time period and transactions depicted in the records"; and that the records were maintained in a legally authorized computer system "that requires

---

[3] *Clark*, supra.

[4] See generally *Bragg v. State of Ga.*, 226 Ga. App. 588, 590 (3) (487 SE2d 137) (1997) (admission of evidence based on considerations of relevancy left to discretion of trial court).

[5] See OCGA § 24-3-4.

accuracy of dispensing of medications." That testimony was minimally sufficient to lay the foundation for admission of these documents as business records.[6]

5. Imm contends that the court erred in overruling his objection to Chaney's attorney offering his personal opinions in his opening statement. Imm objected to counsel's statement as to what he believed the evidence would show. That statement was not objectionable, as "[t]he purpose of the opening statement is to inform the jury and the court of the nature of the case, and to give an outline of the proof the party anticipated presenting."[7]

6. Imm charges the trial court with error in allowing Chaney's attorney to engage in witness tampering through violation of the rule of sequestration.

Following a lunch break at trial, Imm complained to the court that he had observed defense counsel talking to sequestered witnesses outside the courtroom. Chaney's attorney responded that he had merely approached a witness and informed her that he could not release her. The court accepted Chaney's attorney's account of what had occurred. Imm later submitted an affidavit of the witness in support of his motion for new trial. In the affidavit, the witness related the substance of improper statements concerning the case that Chaney's attorney had made to her at the time in question. Because the witness was never called to testify at trial, however, grant of a new trial on that ground was not demanded.[8]

7. Imm contends that the court erred by not allowing him to cross-examine Chaney concerning statements made by Imm's attorney to Chaney's attorney about the fence post Chaney and Imm were working on at the time of the accident. Because Chaney was not a party to the conversation between the attorneys, the court did not abuse its discretion in ruling that Chaney could be questioned about the fence post itself but not about counsel's conversation concerning the fence post.[9]

8. Imm contends that the court erred in allowing Chaney's attorney to cross-examine him concerning his use of a morphine pump.

---

[6] See OCGA § 24-3-14 (b) (writing or record made as memorandum or record of act, transaction, occurrence, or event is admissible if trial judge finds that it was made in regular course of business and that it was within regular course of such business to make record at time of act, transaction, occurrence, or event or within reasonable time thereafter).

[7] *Franks v. State*, 188 Ga. App. 263 (1) (372 SE2d 831) (1988).

[8] See *Rakestrau v. State*, 278 Ga. 872, 876 (4) (608 SE2d 216) (2005) (violation of rule of sequestration only affects credibility of witness).

[9] See generally *Castillo v. State*, 281 Ga. 579, 582 (3) (642 SE2d 8) (2007).

While testifying on direct examination, Imm acknowledged that he had been given morphine at the time of his surgery and that usage of the drug adversely affects one's mental state. On cross-examination, Chaney's attorney asked Imm if he had been taking morphine on the day of the trial. After Imm said no, counsel asked him if he had had a morphine pump installed in recent years. Imm's attorney thereupon objected on the ground of relevance. After the court overruled the objection, Imm testified that he had forgotten that he did have a morphine pump installed for an injury unrelated to the one in this case and that, in fact, he was taking morphine at the time of the trial. Because Imm's use of the morphine at the time of trial could have affected his credibility as a witness, the court did not abuse its discretion in overruling Imm's relevance objection.[10]

9. Imm contends that the court erred in allowing Chaney's counsel to cross-examine him concerning the injury that required the morphine pump to be installed.

Over a relevancy objection by Imm, the court allowed this line of questioning for the limited purpose of showing that the disability and resulting lost wages claimed by Imm could have had another cause. Imm argues that evidence of the prior injury was irrelevant, based on medical evidence showing that the prior and present injuries were unrelated. But because Chaney was trying to show a relationship between Imm's prior injury and his claimed work disability rather than a relationship between the injuries themselves, the trial court did not err in overruling Imm's objection.

10. Imm charges the court with error in overruling his objection to Chaney's attorney asking the CVS pharmacist whether one of the prescription drugs that Imm was taking at the time of the accident was one of the strongest forms of pain relief a doctor could prescribe. The witness responded that the drug, OxyContin, was "pretty close to a morphine type drug which is generally considered the strongest medication." A leading question is objectionable because it suggests the expected answer.[11] Here, the trial court overruled counsel's objection to one question as leading, and the witness provided an explanatory response to the question rather than simply a rote affirmation of it. Under these circumstances, we find no harmful error in the court's overruling of the objection.

11. There is no merit in Imm's contention that the court erred in overruling his objection to the CVS pharmacist's testimony that, according to the CVS records admitted in evidence, Imm had obtained OxyContin prescriptions from CVS that would have come in bottles

---

[10] See generally OCGA § 24-9-80.
[11] See *Harris v. State*, 166 Ga. App. 202, 203 (2) (303 SE2d 534) (1983).

with warnings not to drink alcoholic beverages while taking the medication. "A witness identifying business records under OCGA § 24-3-14 does not have to have personal knowledge of the correctness of the records or have made the entry himself."[12]

12. Imm's remaining claims of error are deemed abandoned, because they are not supported by any argument or citation of authority in the brief he was ordered to file in conformity with our page limitations for briefs.[13] Supplemental briefs cannot be used to resurrect claims of error abandoned because they were not addressed in the appellant's initial brief.[14]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 19, 2007.

*William G. Maston,* for appellant.
*Dennis, Corry, Porter & Smith, Scott W. McMickle, David M. Van Sant,* for appellee.

---

[12] *Hertz Corp. v. McCray,* 198 Ga. App. 484, 485 (2) (402 SE2d 298) (1991) (citations omitted); OCGA § 24-3-14 (c).

[13] See Court of Appeals Rules 24 (f), 25 (c) (2).

[14] *Rich v. Ga. Farm &c. Ins. Co.,* 176 Ga. App. 663, 665 (6) (337 SE2d 370) (1985).