A08A0118. SANDS v. THE STATE.
(662 SE2d 374)

RUFFIN, Presiding Judge.

A jury found James Sands, Jr., guilty of two counts of child molestation and one count of simple battery. In his sole enumeration of error on appeal, Sands contends that the trial court abused its discretion in admitting similar transaction evidence. Finding no abuse of discretion, we affirm.

Viewed favorably to the verdict,[1] the evidence shows that in late 2004 or early 2005, Sands — who was approximately 41 years old at the time — approached 15-year-old S. B. while she was seated in a gym, waiting for her father. Sands sat down next to the girl, asked what Santa had brought her for Christmas, and began rubbing his hand inside her pants leg. S. B. moved her leg away, and Sands told her that she needed to shave. According to S. B., she delayed telling her father what transpired because she was "scared." Sands was charged with simple battery as a result of this incident.

In the summer of 2005, 12-year-old A. W. spent the night at Sands' house with Sands' daughter. A. W. testified that she and Sands' daughter were watching television with Sands when the daughter fell asleep. Sands sent his daughter to bed, but told A. W. that she "wasn't going anywhere." Sands began kissing A. W. and placed her hands inside his pants, requiring her to touch his penis and moving A. W.'s "hand back and forth." He then stuck his penis inside A. W.'s vagina, hurting the child. He told A. W. that "if [she] told anybody he would kill [her]." A. W. called her mother, claiming that she did not feel well and asking to come home.

A. W.'s mother testified that A. W. called her, crying and saying that her stomach hurt. When A. W. walked into the house, she was crying and went straight to her room. Following this, A. W. seemed more withdrawn, and she began taking three to four baths per day. Later that summer, the mother finally learned that her daughter claimed to have been molested by Sands. In September 2005, A. W. was seen by a pediatrician, who confirmed that her hymen was absent, which was indicative of penetration. Sands was charged with two counts of molestation against A. W. — one for placing the child's hand on his penis and another for placing his penis on the child's vagina.

At Sands' trial for the offenses committed against S. B. and A. W., the State presented evidence of two similar transactions. In the first, Fernika Wilder testified that when she was 17, Sands was performing home repairs at her house when he asked her "if [she] had ever dated or ever been with a white guy." Wilder responded that she did not think the answer was any of Sands' business and walked away. Sands then grabbed Wilder's buttocks. Wilder reported the incident to police.

For the second similar transaction, Cindy Mitchell testified that in October 2002, she was approached by Sands while working at Home Depot. At the time, Mitchell was 23 years old. Sands pointed at the apron Mitchell was wearing, asking "what's that?" When

---

[1] See *Boynton v. State*, 287 Ga. App. 778, 778-779 (1) (653 SE2d 110) (2007).

Mitchell asked for clarification, Sands "reached behind [her] apron and rubbed [her] chest."

Prior to trial, the court conducted a hearing on the admissibility of the similar transaction evidence. Because the batteries against Wilder and Mitchell were sexual in nature, the trial court ruled that evidence of the similar transactions would be admitted to show Sands' lustful disposition, course of conduct, and bent of mind.

A trial court may admit similar transaction evidence if the State establishes that: (1) the evidence is being admitted for a proper purpose; (2) the defendant committed the prior offense; and (3) the similar transaction is of sufficient similarity to the crime charged that proof of the former tends to prove the latter.[2] Proper purposes for admitting similar transaction include demonstrating a defendant's motive, plan, scheme, bent of mind, and course of conduct.[3] "We review the trial court's decision to admit such evidence for abuse of discretion."[4]

On appeal, Sands cites *Bloodworth v. State*[5] for the proposition that the separate offenses in which he displayed sexually inappropriate behavior toward older women were not sufficiently similar to the crimes against younger girls to warrant their admission. In *Bloodworth*, a man was charged with molesting a six-year-old child. During his trial, the State presented evidence that Bloodworth made remarks to a 22-year-old woman that had sexual overtones, patted the woman on her behind, and on one occasion pulled the woman down in a chair and tickled her. Under those circumstances, we found that the trial court improperly admitted the evidence as a similar transaction as "[m]aking a 'pass' at an adult woman cannot be equated to molesting a six-year-old child, nor is it of sufficient similarity to necessarily show a lustful disposition on the part of appellant."[6]

However, our decision in *Bloodworth* does not create a "per se rule whereby evidence of a sexual offense involving an adult victim is always inadmissible in cases in which the sexual offense was perpetrated on a minor."[7] Rather, we still focus upon the similarities between the incidents and not the differences.[8] Moreover, courts are most liberal in admitting similar transactions in cases involving

---

[2] See *Harmon v. State*, 281 Ga. App. 35, 38 (3) (635 SE2d 348) (2006).

[3] See *Mikell v. State*, 281 Ga. App. 739, 742 (2) (637 SE2d 142) (2006).

[4] *Harmon*, supra.

[5] 173 Ga. App. 688, 689 (1) (327 SE2d 756) (1985).

[6] Id.

[7] (Punctuation omitted.) *Barrett v. State*, 253 Ga. App. 357, 358 (1) (559 SE2d 108) (2002).

[8] See *Mooney v. State*, 266 Ga. App. 587, 591 (2) (597 SE2d 589) (2004).

sexual offenses.[9] Here, Sands was charged with, inter alia, battery for his inappropriate touching of a 15-year-old girl. Both similar transaction incidents involved inappropriate and sexually charged touching of young women. Under these circumstances, we find no abuse of discretion in the trial court's decision to admit the similar transaction evidence.[10]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED MAY 22, 2008

*Hagler & Hyles, M. Stephen Hyles*, for appellant.
*Peter J. Skandalakis, District Attorney, William D. Hocutt, Assistant District Attorney*, for appellee.

---

[9] See *Kingsley v. State*, 268 Ga. App. 729 (1) (603 SE2d 78) (2004).
[10] See id.; *Howse v. State*, 273 Ga. App. 252, 255-256 (2) (614 SE2d 869) (2005).
[1] See *Clemmons v. State*, 282 Ga. App. 261 (638 SE2d 409) (2006).