# Court of Appeals
# of the State of Georgia

ATLANTA,  September 19, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0146.  JAMES WALTON SANDS, JR. v. THE STATE.**

James Walton Sands was found guilty of two counts of child molestation and one count of simple battery. We affirmed his convictions on appeal. See *Sands v. State*, 291 Ga. App. 639 (662 SE2d 374) (2008). Sands subsequently filed several pro se motions, including a motion for out-of-time appeal. The trial court denied the motion, and Sands filed this appeal.

To the extent Sands seeks review of his convictions, he is not entitled to another appeal. "An out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal. . . . [I]t is not a remedy available to a criminal defendant whose conviction has been reviewed by an appellate court on direct appeal since that defendant is not entitled to a second direct appeal from his judgment of conviction." *Milliken v. State*, 259 Ga. App. 144, 145 (575 SE2d 910) (2003) (footnote omitted). Because Sands has already had a direct appeal, he is not entitled to an out-of-time appeal. See *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002).

To the extent Sands's request for an out-of-time appeal was based on his claim that he received ineffective assistance of appellate counsel, his exclusive remedy is a petition for writ of habeas corpus. See *Johnson v. State*, 272 Ga. App. 294, 296 (5) (612 SE2d 29) (2005). Finally, to the extent Sands seeks to set aside his convictions, the Supreme Court has made clear that "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying such a motion must be dismissed. See id.; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,__09/19/2017_____*
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*